IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

FILED

AUG 1 9 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

ALIREZA BAKHTIARI
PLAINTIFF,                                    )
                                              )
                                              )
                                              )
V.                                            )     CAUSE NO.:   NOT ASSIGNED
                                              )
                                              )          15-922-SMY
M. BAGWELL                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
J. BAGWELL                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
BENNETT                                       )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
ROBIN BRYSON                                  )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
C. BROOKS                                     )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
RUSHING                                       )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
FERNANDO CASTILLO                             )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
BENJAMIN CULLERS                              )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
PATRICK CUNNINGHAM                            )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
CURREY                                        )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
CASTILLANO                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES:           )
                                              )
LESLY DUNCAN                                  )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
BYRAM                                         )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )
                                              )
M. DAUN                                       )
INDIVIDUAL AND OFFICIAL CAPACITIES:           )
                                              )
DYE                                           )
INDIVIDUAL AND OFFICIAL CAPACITIES;           )

```
JANE DOE                                )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
ELEAZAR GARCIA                          )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
PAUL HARVEY                             ) CAUSE NO.:  NOT ASSIGNED
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
HUGGINS                                 )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
HARBISON                                )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
HILL                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
KING                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
LANCE                                   )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
PAUL M. LAIRD                           )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
WILLIAMS MAY                            )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
MASH                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
MEED                                    )
INDIVIDUAL AND OFFICAL CAPACITIES;      )
                                        )
M. PATERSON                             )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
                                        )
PATERSON                                )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
SARAH QUREISHI                          )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
ROUNGE                                  )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
ROSE                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
                                        )
RICHARD SCHOTT                          )
INDIVIDUAL AND OFFICIAL CAPACITIES;     )
```

RENEE STRAUS                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;             )
                                                )
                                                )
STEIMITS                                        ) CAUSE NO.:  NOT ASSIGNED
INDIVIDUAL AND OFFICIAL CAPACITIES;             )
                                                )
DAVID SZOKE                                     )
INDIVIDUAL AND OFFICIAL CAPACITIES;             )
                                                )
SOMERS                                          ) **FOR INDIVIDUAL DEFENDANTS, SERVE:**
INDIVIDUAL AND OFFICIAL CAPACITIES;             ) USP Marion
                                                ) 4500 Prison Road
TOLSON                                          ) Marion Illinois 62959
INDIVIDUAL AND OFFICIAL CAPACITIES;             ) Phone: 618-964-1441
                                                )
JEFFERY S. WALTON                               ) **FOR BOP,SERVE:**
INDIVIDUAL AND OFFICIAL CAPACITIES;             ) 320 First Street N.W.
                                                ) Washington DC 20534
NATHAN WYATT                                    )
INDIVIDUAL AND OFFICIAL CAPACITIES;             ) **FOR UNITED STATES OF AMERICA, SERVE:**
                                                ) 950 Pennsylvania Ave, N.W.
M. WINKLMEIER                                   ) Washington DC 20530
INDIVIDIUAL AND OFFICIAL CAPACITIES;            )
                                                )
K. PITTS                                        )
INDIVIDUAL AND OFFICIAL CAPACITIES;             )
                                                )
WELLS                                           )
INDIVIDIUAL AND OFFICIAL CAPACITIES;            )
                                                )
BUREAU OF PRISONS                               )
GOVERNMENTAL AND CORPORATE CAPACITIES;          )
                                                )
UNITED STATES OF AMERICA                        ) **JURY TRIAL DEMANDED**
GOVERNMENTAL AND CORPORATE CAPACITIES;          )
            **DEFENDANTS.**

PETITION

        COMES NOW, petitioner, plaintiff, in pro se, Alireza Bakhtiari ("Bakhtiari")

and states his petition before this Honorable Court, as follows:

INTRO-PAGE-iii-

JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C § 1331; 28 U.S.C. §

1346(b) and 2671-80 (Federal Tort Claims Act "FTCA"); Bivens v. Narcotics Agents et al.

The commissions, ommissions and acts alleged here occured within the geographical

confines of Southern District of Illinois.

NATURE OF THE SUIT

2. Bakhtiari is a Christian refugee from IRAN. While in IRAN, after he converted to

Christianity, he suffered a gunshot wound and a stab wound, to be punished for his

"apostasy". Hence, Bakhtiari suffers from a convoluted version of Post Traumatic

Stress Disorder ("PTSD"). Living in America as a refugee, Bakhtiari pleaded guilty to

Obstruction of Justice, 18 U.S.C. §1512(c)(2), and began serving a sentence of

51 months in USP Marion.

3. In Marion, Bakhtiari was neglected, in his cardiac and PTSD issues. Bakhtiari filed

a lawsuit with this Court to seek relief (13-CV-906-JPC). Bakhtiari also filed

and pursued numerous other filings, reportings which established protected activity

and speech under 5th and 1st Amendments.

4. As soon as Bakhtiari filed his suit with this Court in August of 2013, defendants

began one of the most inhumane campaigns to brutalize and punish him. In one word,

Bakhtiari was **dehumanized**. Things became worse after under the care and torments

of these defendants, Bakhtiari's friend-Robert Turnage died, and Bakhtiari decided

to make sure Turnage's family knew about how Turnage **was exterminated.**

5. In the instant suit, Bakhtiari asserts some Eighty (80) counts of claim, under

Illinois Tort and Constitutional violation theories. He asserts forty five (45)

defendants.

BAKHTIARI'S PROTECTED SPEECH AND COMPLAINTS-FILINGS

6. Bakhtiari v. Walton et. al. 13-CV-906-JPC. Bakhtiari filed this suit by late

August of 2013. On or about September 6th 2013, 1 PM, US Marshals appeared at USP

Marion and served defendants.

INTRO PAGE-iv-

7. On or about October 7th of 2013, Bakhtiari filed a request with Internal Affairs in USP Marion, to conduct civil discovery amongst the inmates for Bakhtiari v. Walton 13-CV-906. This notice was copied to M. Bagwell, Winklmeier and Walton.

8. On or about October 7th 2013, Bakhtiari mailed a letter of grievance to the Office of Senator Richard Durbin, asking for his intervention in the treatment of Inmates in USP Marion-Health Serives. M. Bagwell, Winklmeier and Walton, received their copies same day.

9. On or about April 2, 2014, Bakhtiari filed a global BP9 (administrative remedy) to address Walton's on-going effort to retaliate and fabricate the defense of "failure to exhaust" improperly for his counsel. This filing had about 150 pages of exhibits, ten (10) stymied and obstructed BP8 filings and numerous records of retaliatory conduct in its enclosure.

10. On or about June 10, 2014, Bakhtiari wrote to Paul M. Laird (regional director) a grievance against Walton, for his corrupt efforts to stymie, quench and hinder administrative remedy process. Walton received his copy same day.

11. On or about June 17th of 2014, Bakhtiari filed an EEO complaint against Walton and his staff with Department of Justice. Walton received his copy same day.

12. On or about June 19th 2014, Bakhtiari filed a second complaint with Paul M. Laird against Walton for his efforts to obstruct initiation and progression of administrative remedy process. Walton received his copy same day.

13. On or about June 24th 2014, Bakhtiari filed an ethicscomplaint against defendant Nathan Wyatt (Walton's counsel) with the Bar Association of the Seventh Circuit, and with the Professional Responsibility Office of DOJ. Walton and Wyatt received their copies same day. Complaint was about the same issue-retaliation and admin-remedy.

14. On or about July 2nd 2014, Bakhtiari filed a second complaint against Nathan Wyatt and M. Daun, for mail tampering, with Professional Responsibility Office of DOJ.

15. On or about August 5th of 2014, Bakhtiari filed (Prison Mail Box Rule) a complaint with the Office of Professional Responsibility against Walton, Garcia and one of their staff (Somers), for spitting chew tobacco on Bakhtiari's face, when the officer confronted Bakhtiari about defending his boss (Walton), that Walton did not steal litigation sensitive material out of Bakhtiari's legal mail. Walton, Qureishi and Garcia received their copies same day.

16. On or about September 2, 2014---Bakhtiari filed (Prison Mail Box Rule) a complaint with the Office of Professional Responsibility against Walton and Garcia. Bakhtiari alleged that Walton and Garcia had "let the dogs loose" on Bakhtiari and had given a full-blessing for all their staff to torment Bakhtiari in retaliation. Garcia and Walton, Qureishi and Wyatt received their copies same day.

17. On or about October 3rd of 2014, Bakhtiari filed another complaint with the Office Professional Responsibility of DOJ, against Walton and his staff, particularly May, for their efforts to gin-up the defense of Failure to Exhaust, by corrupting and impeding the administrative remedy process. Walton and Garcia received their copies same day.

18. On or about November 7th 2014, Bakhtiari filed a grievance complaint, in form of a letter with Chief Judge Honorable Hernden, warning the Court that Walton's corrupt attempts in impeding Admnistrative Remedy was detremental to judicial economy and was creating  litigation abuse instances by Walton and his staff. Walton, Garcia, Qureishi, Laird and Wyatt received their copies same day.

19. On or about August, September or October of 2014, the day after death of Robert Turnage, Bakhtiari wrote to Health Services, Walton and Garcia and asked them to preserve Turnage's file and record and correspondence for up-coming litigation for Turnage's estate. Bakhtiari repeated the same in an email on October 22, 2014. Bakhtiari repeated the same request in person more than once to each, including M. Bagwell, J. Bagwell, Harbison, Walton, Garcia and May.

EXHAUSTION OF ADMINISTRATIVE REMEDY

20. In spite of Walton's edict institution-wide for all his staff to do their best that administrative remedies be halted or quenched at inception, Bakhtiari managed to file some. As of this writing, the BOP generalized retrieval provides the following, which Bakhtiari has filed pertainig to the claims asserted herein. Bakhtiari exhausted each remedy the best he could by due diligence: 771712-R1, 774796-F1, 774796-F2, 774796-R1, 774796-A1, 782026-F1, 782026-R1, 785615-F1, 785615-R1, 782026-R2, 785615-R2, 774796-A2, 787431-F1, 787435-F1, 788197-F1, 788847-F1, 787435-R1, 785615-A1, 785615-A2, 788396-F1, 789100-F1, 788197-R1, 789636-F1, 790697-F1, 787435-A1, 790427-F1, 782026-A1, 791802-F1, 788197-A1, 789100-R1, 787431-R1, 790697-R1, 793454-F1, 791802-R1, 798377-F1, 789100-A1, 790697-A1, 799062-R1, 793454-R1, 799957-F1, 800871-F1, 798377-R1, 800980-R1, 800981-R1, 799957-R1, 793454-A1, 817436-R1, 817445-R1, AND MORE TO COME...

21. Bakhtiari dutifully with due diligence, utilized Request-To-Staff, BP8, BP9, BP10, BP11, more than two notices to Regional Counsel and General Counsel to obviate litigation but the defendants in this suit have heartful belief that they are above the law, and that their union, American Correctional Association ("ACA") and even the Honorable Judges of Southern District of Illinois have sanctioned them with full authority to be immune from reach of the law And hence,they acted devil-may-care, and Whatcha-wanna-do-about it at each instance that Bakhtiari came to them with a grievance.

ATTEMPTS BY DEFENDANTS TO GIN-UP THE AFFIRMATIVE DEFENSE OF
"FAILURE TO EXHAUST ADMINISTRATIVE REMEDY"

22. Some corruptly minded, but evil genius, included the great minds such as Walton, Garcia, Wyatt, Laird and Qureishi, put this open secret in place in USP Marion, that an administrative remedy issue, not initiated, is not addressed, not to be addressed and hence, later on, in case of any up-coming litigation, "Failure to exhaust" would be at hand as a ready excuse and scape-goat.

INTRO PAGE -vii-

23. Walton and his staff made full use of this strategy. they utilized bullying, foul language and many types of thuggery and chicanery to assure that Administrative Remedy would not be initiated or progressed: "We are out of forms!", "you have filed too many issues already!" "you have not filed eloquently enough!" "your issues are not segregated enough!!" "your BP8 filing has been unaddressed!!" and many other colorful, dazzling excuses.

24. An inmate's life: **CCC**. An inmate is in Care, Control and Custody of his captors. He cannot do anything, not even file a simple request if he is not given the means, such as forms, proper form, stamps, or opportunity to be heard. Even if an inmate, such as Bakhtiari,files the most meticulous administrative remedy filing, there are times that his captors would simply cherry-pick which mail gets to leave the institution. So then all else is in vain since nothing leaves the institutional mail, without the approval of the defendants. Bakhtiari attempted in 2014 to send some notes and evidence to Turnage's family. They were not allowed to leave the building. Not only that, Mash and Garcia utilized bullying to deter Bakhtiari from assisting Turnage's estate.

## TORT CLAIM PROCEDURE UNDER FTCA, 28 U.S.C. § 2401(B)

25. Bakhtiari re-alleges and re-incorporates the above paragraphs herein.

26. Bakhtiari notified the BOP officials of the incidents alleged and the harms incured, in these claims.

27. Bakhtiari made a certain sum of monetary claim in his notice.

28. As plaintiff in pro se, Bakhtiari had authority to receive, evaluate and accept offers and resolution.

29. On behalf of defendants, the Regional Counsel and General Counsel had authority to make offers and evaluate possibilities of resolution.

30. The respondents, including the United States and BOP, through the regional counsel in Kansas City-Kansas office, acknowledged receipt of claims and denied them.

INTO PAGE -viii-

## PROGRAM STATEMENTS OF BOP, DISCRETIONARY FUNCTION EXCEPTION

31. The actions, inactions and conduct alleged in this suit are not matters of discretion, interpretation of policy or personal judgement. There is clear, vivid, established Codes of Federal Regulation, Federal Law, Constitutional clauses, and specific instructions by BOP Program statement about every instance and issue. Some of these program statements are as follows:

```
5566.06: Use of Force
5270.10: Special Housing Program
5212.07: Unit Control Program
5500.13: Correctional Procedure Manual
6000.05: Health Services Manual
3420.11: Standard of Employee Conduct
1210.24: Internal Affairs
5521.05: Inmate Search and Seizure
5265.14: Correspondence
5800.16: Mail Management Manual
1330.10: Administrative Remedy Procedure
other Program Statements
```

## PERMANENT INJURIES AND HARMS V. SPECULATIVE AND UNSUBSTANTIATED HARMS

32. This is not a case of one of the plethora of pissed off plaintiffs who come to court out of frustration. This is not a matter of an inmate who is mad at his captors that the officer was not polite enough, the cell does not get enough of sun-light or that the champagne is not cold enough. Infra, Bakhtiari sets forth allegations where he has been brutalized and reduced to hunger-strikes, for two periods, and even was suggested to him by the staff in isolation that he takes his own life. Bakhtiari's friend was plainly slain since he was a "chomo". Instances of cardiac event, head injury, hearing loss permanently, criminal fraud by government officials and etc. If the conducts and injuries were not in constitutional magnitude, plaintiff would not be here.

## AFFIDAVIT IN LIEU OF CERTIFICATE OF MERITS
### 735-ILCS-5/2-622(a)

33. The day he arrived in his current place, USP Leavenworth, Bakhtiari wrote to M. Bagwell and requested for his records. She has thus far refused to provide them. An Affidavit in Lieu of Certificate is submitted in enclosure to the foregoing.

PASSING THE MUSTER UNDER <u>TOWMBLY, IQBAL, ERICKSON</u>, AND 28 U.S.C. § 1915A

34. Plaintiff in pro se, has the burden of notice pleading, and the newly added standards of <u>Towmbly, Iqbal and Erickson</u>, and those of 1915A with his initial complaint. This petition has 45 defendants, and entails some serious allegations of <u>torture</u> in 21st centry, in the Heartland of America, right in the backyard of this court. Bakhtiari has to provide **adequate** details to assert both possible and plausible facts and deliver notice, adequate notice, to defendants. To acheive this, infra, Bakhtiari sets forth a summary of factual background, and after each nucleus of factual event, he states the counts of claim pertainig to those specific defendants and event, and does so in chronological order.

RECORD KEEPING FOR VARIOUS INCIDENTS

35. Defendants are in possession of many emails, letters, videos, memoranda, and administrative remedy filings. Bakhtiari has made two FOIA requests and has sent two letters to Regional Counsel, defendants have ignored all and Bakhtiari has access to limited records at this time. But in USP Marion, Bakhtiari sent emails to Walton or Health services <u>almost daily</u> to record to grievances and the incidents of retaliatory conduct by defendants. Defendants are in possession of these emails and the associated meta-data for each email or other electronic evidence.

BONNIE AND CLYDE OF MARION AND THE CHOMO EXTERMINATION PROGRAM

36. One of Bakhtiari's early acts of whistle-blower was when he overheard M. Bagwell laughing in her office and speaking to a colleague about "chomo extermination". USP Marion houses sex-offenders mostly, a sex-offender is called by the defendants a child-molester or a "chomo". M. Bagwell has exhibited in her treatment of inmates that she has a personal innuendo against these type of convicts. Crime is abhorable, be it Bakhtiari's (Obstruction of Justice) or those of 1000 inmates in USP which entails sexual attraction to minors. But M. Bagwell is not God, neither is she Hitler. Exterminating inmates, due to their crimes, or boasting of it is not her place.

INTRO PAGE -x-

37. Laughing about it is one thing, doing it is another. She did so in case of Robert Turnage. Early in 2014, Bakhtiari filed a complaint with Internal Affairs (Ltn. Mash), with General Counsel of BOP and with Office of Professional Responsibility about this issue, and M. Bagwell's mind-set and heart-set.

38. J. Bagwell, is M. Bagwell's spouse, and conveniently the administrator of computer services, in charge of preservation of the electronic evidence pertainig to any claims against his wife. He has done his duty to spoliate and eliminate evidence,as alleged infra.

## "MESSIN WITH MA WIFE "-CLUB

39. Defendants in this suit, as luck would have it, are some intermarried. Three pairs to be exact. Three female staff in this suit: two of which were defendants in Bakhtiari's first lawsuit, third one **is** respondent in his complaints to the Office of Professional Responsibility.

40. The husbands to these ladies (C. Brooks, J. Bagwell, M. Paterson), approached Bakhtiari almost on daily basis, and stated some versions of **"don mess with ma wife, son!!"** particularly during the times Bakhtiari was in isolation. These officials did the most unprofessional and inhumane things, since they believed Bakhtiari's whistle-blower activities were somehow "messin with [their] wives!!"

## SANCTIONED BY THE GAURDIANS OF THE CONSTITUTION TO ABUSE!!

40. One of the defendants in this suit, referenced a luncheon in which, as he alleged, Judges from the Southern District of Illinois US District Court were present, and he has taken some sign of assurance that their atrocities would be immune from litigation. Could it be that a group of federal Judges, as he named-Hernden, Gilbert and Frazier,have assured these group of thugs of full immunity for their unconstitutional and some outright inhumane conducts? one would hope that it was the beer and tobacco talking when these officials boasted of such luncheon, since it would be the most horrendous fact, to think that Guardians of the Constitution have assured a man that he is free to spit chew tobacco on the face of an inmate, or kill  one, because

he is a chomo!

### "ABU-GHRAIB-IN' YO ASS!!"

41. In November of 2003, some sick individuals is US Military, under the color of military authority exposed inmates in a prison in Iraq to inhumane actions, such as electrocuting them, placing them in sexual positions in nude and taking pictures, writing on their body parts and many other acts. USP Marion employed some officers who had served in Iraq and knew of Abu-Ghraib. One particularly, who may or may not have served in military or in Iraq,enjoyed joking about this sick event with Bakhtiari.

42. On occasions while Bakhtiari was held in isolation, Lance came to Bakhtiari's cell and told Bakhtiari he wished to have his own private Abu-Ghraib or Gitmo (refering to Guantaemo Bay Prison), right there in Southern Illinois. Lance spoke softly and evilishly from between the bars and told Bakhtiari how he enjoyed Abu-Ghraib'in Bakhtiari's ass **("Abu-Ghraib'in yo ass!")**.

43. Just like the chomo extermination program of M. Bagwell, talking about such issues and doing them are two different things. Infra, plaintiff alleges instances of sleep  depravation, food depravation, medicine depravation, depravation of shower, fresh air and bible. These defendants acted upon the threats and did their best to have their own "Abu-Ghraib" where they were.

### DECLARATION OF FACTS BY WITNESSES

44. Carl Tisthammer, Edward Lewis, George Mattingly, Eddie Owens, Harry Maxie, Lance Fitzmourice, Robert Turnage, are some of the people who have submitted written testimony on the record, attesting that they have been subject to similar torments by the same defendants.

### ROBERT TURNAGE-HIS DEATH, BEFORE AND AFTER

45. Robert Turnage was housed in X-unit  as Bakhtiari (X-unit, North Corridor). Through about two years of Bakhtiari's tenure in USP Marion, the two became good friends. They became prayer and bible study partners. In his last days of living, Bakhtiari and another inmate took turns pushing Turnage around in his Wheel-chair.

46. Turnage, in his last days in this world confided in Bakhtiari that he has been abused repeatedly by officers, mainly the staff of Health Services, and as the rest of the declarants, he was being subject to deliberate indifference, neglect, abuse and retliation. He dictated a declaration, and Bakhtiari typed. Turnage kept the original, gave the copy to Bakhtiari.

47. On the subject of Turnage, before and after his death, Bakhtiari wrote to the officials in USP Marion, begging them to be humane to Turnage, and insisting that all relevant evidence be preserved for Turnage's family (estate).

48. This is not a cause on behalf of Turnage. But as soon as Bakhtiari emailed the officials of USP Marion, Walton, Garcia, M. Bagwell and Harbison, in a unisome and cohorted manner Bakhtiari was shipped out. But not before they exhibited their anger and retaliatory animus by tormenting and torturing him in isolation for three months. Bakhtiari, in many emails voiced his committment to Turnage and his estate and that they should see evidence, upon Turnage's will and request, that Robert Turnage had been abused and exterminated This, amongst many other protected ways and items of speech, raised the retaliatory animus of these officials.

## ACCUSER, JUDGE, JURY AND EXECUTIONER, ALL IN ONE

49. Officials, such as M. Bagwell, Harbison, Brooks (Duncan's spouse), M. Paterson (Paterson's spouse), as soon as they were served by US Marshals in September of 2013, began using the most convenient and frivolous tool to abuse- Disciplinary Infraction allegations. Could the ones who were the defendants of Bakhtiari's first lawsuit, or their spouses, truly be impartial accusers or arbiters or witnesses in Disciplinary allegations against Bakhtiari? not likely. But these individuals took many opportunities in USP Marion, after Bakhtiari filed his initial lawsuit, to issue frivolous, imaginary and inconceivable disciplinary allegations. Then, they, themselves, sat as arbiter and executioner of the punishment meted out. The punishment meted out by the one who was just served by US Marshals, or was served by Admin-Remedy

or a complaint with Professional Responsibility Office of DOJ. Could a fox be placed in charge of a hen-house? could the defendant of a civil suit be placed in charge of disciplinary adjudication or indictment of the plaintiff (inmate)? For instance, **right after**, the US Marshals served M. Bagwell, she walked up to Bakhtiari and accused him of "not working"!! how odd since Bakhtiari was the most active GED teacher in the institution. Soon after, the same defendant of the suit Bakhtiari v. Walton (13-CV-906), still angry at being served by the US Marshals, accused Bakhtiari of stalking her, and she placed Bakhtiari in isolation for two months to be tormented by her husband and his friends. **One-man-band** indeed. Wolff v. McDonnell be damned!!

50. The law of this circuit, as painful as it might be, is that verbal abuse of inmates is unprofessional, but not unconstitutional! Is this a green light for inmate abuse? In one instance, Bakhtiari was told to "**go back to Arabia and fuck camels**", when he asked for clean laundry, in another instance, more than once, while in hunger strike under torture he was told that the officer wanted to "**Abu-Ghraib [his] ass!!**" In another instance chew tobacco was spit on his face. As May maintains, the Judges of this Court have given him the blessing in some "luncheon" to go on with such conduct. The law of this circuit is not defensive against inmate abuse either. How could this be condusive to the clauses of Eighth Amendment? The founding fathers of this country, who were for certain God fearing Christ knowing men, would not have approved of AbuGhraibing Bakhtiari's Ass, when they framed the Eight Amendment to the Constitution, or the Constitution itself. This Honorable Court, The Guardian of the Constitution, should not tolerate Abu-Ghraibing, Chomo Exterminating or the like.

## DEFENDANTS

1. Defendant  M. Bagwell, is and was at all relevant times the Health Services Administrator in USP Marion. She is Winklmeier's successor in this post, and was previously the Health Services Administrator-Assistant.

2. Defendant J. Bagwell, (husband to M. Bagwell) is and was at all  relevant times the administrator of IT and Computer Services in USP Marion.

3. Defendant Bennet, is and was at all relevant times a correctional officer in USP Marion. This defendant should not be confused with Mr. and Mrs. Bennet, who are a Lieutenant and Education Supervisor in USP Marion. The latter two Bennets are not defendants in this suit.

4. Robin Bryson, Defendant, is and was at all relevant times a Unit Manager in USP Marion, who managed the northern units (including X unit) in USP Marion.

5. Brooks, correctional Officer and Lieutenant, is and was a correctional lieutenant in USP Marion at all relevant times.

6. Rushing, defendant, is and was at all relevant times a correctional officer and administrative remedy clerk in USP Marion.

7. Defendant, Fernando Castillo, is and was at all relevant times  a HealthServices nurse at USP Marion.

8. Defendant,Benjamin Cullers, is and was at all relevant times a nurse at Health Services of USP Marion.

9. Defendant, Patrick Cunningham, is and was at all relevant times a nurse at Health services of USP Marion.

10. Currey, defendant, is and was at all relevant times a correctional officer and administrative assistant to psychology and disciplinary  hearing officer in USP Marion.

11. Castillano, is and was at all relevant times a correctional officer and an employee of education department in USP Marion.

12. Defendant Lesly Duncan (Brooks) (wife of Lieutenant Brooks), is and was at all relevant times a nurse at Health Services of USP Marion.

13. Defendant Byram, is and was at all relevant times a correctional lieutenant in USP Marion.

14. Defendant M. Daun, is and was at all relevant times a case manager in USP Marion, and was the interim unit manager during the post rotations, filling in for Bryson.

15. Dye, was a correctional officer  and staffer of psychology department in USP Marion at all relevant times.

16. Jane Doe, is and was at all relevant times a nurse at Health  Services in USP Marion. (Plaintiff reserves the right to replace the place-holder name during/after the discovery period).

17. Eleazar Garcia is and was at all relevant times the correctional captain in USP Marion.

18. Defendant, Paul Harvey, is and was at all relevant times a physician working at Health services of USP Marion.

19.  Defendant, Huggins, is and was at all reelvant times a correctional officer in USP Marion.

20. Defendant, Harbison, is and was at all relevant times a nurse in Health Services of USP Marion. Upon Winklmeier's departure, she took the position as Asssitant Health Services Administrator in USP Marion.

21. Defendant, Hill, is and was at all relevant times a correctional counselor in USP Marion.

22. Defendant, King, is and was a physician in Health Services of USP Marion at all relevant times.

23. Lance, is and was at all relevant times a correctional officer in USP Marion.

24. Defendant, Paul M. Laird, is and was at all relevant times the regional director of BOP, holding the regional supervision office out of Kansas City-Kansas.

25. Williams May, defendant, is and was at all relevant times a correctional counselor in USP Marion.

26. Mash, defendant, is and was a correctional lieutenant in USP Marion and supervisor of Internal Affairs at all relevant times.

27. Defendant, Meed, is and was at all relevant times a correctional officer  in USP Marion and a staffer at education services.

28. M. Paterson, defendant, is and was at all relevant times a correctional lieutenant in USP Marion.

29. Dr. Paterson, defendant, is and was at all relevant times a correctional officer and psychologist in psychology department of USP Marion (spouse to Lieutenant M. Paterson).

30. Defendant, Sarah Qureishi is and was at all relevant times the general counsel for BOP, holding an office in Washington DC.

31. Defendant, Rounge, is and was at all relevant times a correctional officer and supervisor of Receive and Discharge department of USP Marion.

32. Defendant Rose, is and was at all relevant times the administrator of food services in USP Marion.

33. Defendant, Richard Schott, is and was at all relevant times the regional counsel of BOP, in Kansas City office of regional director.

34. Defendant, Renee Straus, is and was a correctional officer and a case manager in USP Marion.

35. Defendant, Steimits, is and was at all relevant times a correctional officer in USP Marion.

36. Defendant David Szoke, was at some relevant times a physician in Health Services of USP Marion.

37. Defendant, Somers, is and was at all relevant times a correctional officer in USP Marion.

38. Defendant Tolson, is and was at all relevant times a correctional officer in USP Marion.

39. Defendant, Jeffery S. Walton, is and was at all relevant times the Warden at USP Marion.

40. Defendant, Nathan Wyatt, is and was a legal counsel and assistant US Attorney for Southern Illinois.

41. Defendant Winklmeier, was at some relevant times the administrator of Health Services in USP Marion.

42. Defendant K. Pitts, was at some relevant times a correctional counselor in USP Marion.

43. Defendant Wells, is and was a correctional Lieutenant in USP Marion at all relevant times.

44. Bureau of Prisons, is and was the governmental and corporate entity defendant in this suit.

45. United States of America, is and was the governmental and corporate entity in this suit, as a defendant.

## INCIDENTS AND RELEVANT COUNTS—CHRONOLOGICAL ORDER

1. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

2. Plaintiff has gathered and preserved a record of hundreds of emails, tens of unanswered BP8 filings and at least seven sick call slips (Chronic Care Form 600) and 50 administrative remedy filings, which deal with Bakhtiari pleading for care for his medical conditions and injuries and defendants ignoring him. Defendants ignored plaintiff and were indifferent to his injuries and pain for two reasons: systematic indifference and retaliation against Bakhtiari for his protected speech.

3. As of this writing, Bakhtiari has in his possession copies of sick-call slips dated: 7/19/2013, 7/23/2013, 8/22/2013, 9/5/2013, 4/4/2014, 5/1/2014, 5/16/2014. This is not all the sick calls that went unanswered, if defendants return the emails and paper they spoliated/took, more will come to light.

4. On July 19, 2013, 7 AM, when Bakhtiari was in the lobby of Health Services waiting for the sick call, an officer told him to go back to his unit because the door to the Health Services main corridor was locked. Bakhtiari told him that he had chest pain and needed to talk to someone, the officer replied: **"listen you fucking chomo, I told you to go back to your fucking unit!!"** Bakhtiari made a note of this on his sick call slip and kept a copy and handed one copy to defendant Winklmeier and another to Walton.

5. On May 1, 2014, 7 AM, when Bakhtiari was waiting for sick call, he wrote on his sick-call-slip as follows: **"So you know I feel so stupid coming here so invain!"** Bakhtiari made about 20 sick-calls in Marion institution and all were ignored.

6. Throughout his stay at Marion correctional complex, from January of 2013 to February of 2015, Bakhtiari delivered in person, written, email or administrative remedy notices about his pain and injuries to the following individuals: Paul M. Laird, Jeffery S. Walton, Eleazar Garcia, David Szoke, Paul Harvey, Dr. King, B. Cullers, F. Castillo, P. Cunningham, Harbison , M. Bagwell, J. Bagwell, M. Winklmeier, L. Duncan, S. Qureshi, Nathan Wyatt, W. May, R. Bryson, K. Pitts.

7. These individuals are officers of the United States and are officials, with power,

AUTHORITY AND RESPONSIBILITY to hear and assist Bakhtiari in his pain. Each and every one of these individuals was on notice  and had a constitutional duty to address Bakhtiari's medical needs and injuries.

8.  Each and every one of these individuals received notice from Bakhtiari, via email, surface mail, administrative remedy filings, grievances or in person notices in the dinig hall "open door" hours. Each and evey one of these individuals received notice, and was deliberately ignorant  and indifferent  toward this duty, constitutional and humane burden of duty,  to attend Bakhtiari's medical needs. Many of the injuries Bakhtiari suffers are the ones caused by these defendants themselves, and still they ignored the wounds they had caused themselves.

### COUNT 1 (ONE)
### BIVENS- EIGHTH AMENDMENT- DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
**DEFENDANTS: LAIRD, WALTON, GARCIA, SZOKE, HARVEY, KING, CULLERS, CASTILLO, CUNNINGHAM, HARBISON , BAGWELL (M. AND J.), WINKLMEIER, DUNCAN, QUREISHI, WYATT, MAY, BRYSON, PITTS**

9. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

10. There existed an objectively serious medical need  for plaintiff: the cardiac condition, the fall and injury to the head and neck and back  and spine and the resulting hearing loss, the  PTSD condition and its associated medicine, the on-going back pain which intensified with time, and more issues. The defendants indifferently, and at times out of spite and hostility, ignored Bakhtiari's needs and notices for such needs. This conduct of these defendants was reckless, wanton and inhumane. They caused further injuries and harms.

11. The defendants **knew** aid was needed, knew that actual substantial injury and pain existed. Yet they sat idly by. At times these individuals watched the pain and wounds which they had caused themselves,and sadistically enjoyed and reeled.  The record is full of evidence, of such inhumane animalistic behavior on the compound  or in isolation, where plaintiff was kept for months, **for no valid cause.**

12. Had these defendants acted or even lifted a finger, the extend of injuries would be less.

13. Deliberate indifference on their part caused substantial, actual permanent harms.

## COUNT 2 (TWO)
### BIVENS  – FIRST AMENDMENT – RETALIATION CLAUSE
**DEFENDANTS: LAIRD, WALTON, GARCIA, WYATT, QUREISHI, SZOKE, WINKLMEIER, M. BAGWELL,
J. BAGWELL, HARVEY, KING, CULLERS, CASTILLO, CUNNINGHAM, HARBISON , MAY, BRYSON, PITTS**

14. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

15. Bakhtiari's speech as numerated above  ("Bakhtiari's Protected Speech and

Complaints") was protected by the First Amendment to the US Constitution. It was a

right, not a crime to make these speeches. But the defendants do not think so,

filing a lawsuit against Walton and Garcia and their gang, or reporting them to the

outside agencies is considered a **cardinal sin** and these defendants take any/all

action possible to make an example of the inmate who dares to report them or file

a certain paper on them to the appropriate agency at the right time.Bakhtiari, literally

paid with  life and limb for practicing his right under protected speech.

16. The above defendants ignored Bakhtiari's pain and injuries and medical conditions,

as a matter of systematic indifference, as a matter of a consensus that  Marion

correctional complex is a place to house all **"chomos"** all to be **exterminated.** They

also ignored Bakhtiari, on or after September of 2013,  out of spite, anger and

retaliation. They  ignored Bakhtiari's notices of his pending substantial medical

needs to  punish him, chill his exercise of free speech and to hinder him.

17. Defendants' actions, in retaliating against Bakhtiari in numerous **ways**, including

denying him medical care, did not advance any valid correctional purposes. Their

conduct did not serve any valid, safety related, procedural or institutional needs,

it was inhumane, unconstitutional and was done **merely** out of spite.

18. As a result Bakhtiari suffered and suffers from substantial harms.

INCIDENT 9/8/2013-FALL OFF THE LADDER

19. Bakhtiari suffers from a chronic spine problem,  on many occasions Bakhtiari

informed the defendants: Pitts, Winklmeier, Szoke, Walton, M. Bagwell and Bryson

that he cannot climb up the upper bed. Upon climbing the bed, or any substantial

physical motion, the chest pain and back pain intensified and at times consumed Bakhtiari.

Bakhtiari spelled out this issue for these defendants on many occasions, specifically

in an email dated 9/3/2013. These defendants did what they do best: they ignored.

20. On or about 9/8/2013, 8 PM, while climbing up his bed, Bakhtiari was consumed in pain, chest, neck and shoulder and back. Half-way up the ladder Bakhtiari lost control and grip, fell left-ward and impacted the edge of the middle bed (X-930-middle bed).  His roommates saw the bloody nose and bruised face on Bakhtiari and paniced and ran to officer Ebberheart. Ebberheart helped Bakhtiari to shift Lieutenant (Paterson) Office. Bakhtiari was inspected, the injuries were recorded and Bakhtiari was referred to sick call.

### COUNT 3 (THREE)
### BIVENS  - EIGHTH AMENDMENT - DELIBERATE INDIFFERENCE
**DEFENDANTS: WALTON, SZOKE, WINKLMEIER, M. BAGWELL, BRYSON, PITTS**

21. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

22. Bakhtiari re-asserts the legal theory, elements and legal basis for this claim as asserted in count 1 (see above). This conduct, mind-set and heart-set of defendants has the same elements as asserted in count 1. On the same basis these defendants are liable for their conduct.

23. As a result of defendants' conduct, Bakhtiari has been harmed.

### COUNT 4 (FOUR)
### BIVENS-  FIRST AMENDMENT-  RETALIATION CLAUSE
**DEFENDANTS: WALTON, SZOKE, WINKLMEIER, M. BAGWELL, BRYSON, PITTS**

24. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

25. Bakhtiari re-asserts the legal theory, elements and legal basis for this claim as asserted in count 2 (see above). This conduct, mind-set and heart-set of defendants has the same elements as asserted in count 2. On the same basis  these defendants are liable for their conduct.

26. As a result of defendants' conduct, Bakhtiari has been harmed.

INCIDENT 9/9/2013-SUMMARY MEMORANDUM TO DR. SZOKE, HARVEY AND KING

27. After the fall, while in Paterson's office, Paterson stated to Bakhtiari that receiving medical aid in Marion correctional complex is going to be very hard since Szoke has been terminated. Paterson stated that a corrupt financial relationship has been discovered between Szoke and outside contractor Dr. Lipkoff, and therfore

SZOKE HAS BEEN LET GO.

28. Bakhtiari summarized all his medical conditions, cardiac, back/spine and his history of conversations with Szoke, in a memorandum dated 9/9/2013 and emailed it to Dr. Harvey (Szoke's interim replacement). Bakhtiari printed the email and hand deliverred one to Harvey, one to Winklmeier, Bagwell, King, Walton, and placed one in institutional mail to Szoke since according to Bagwell, Szoke still received institutional mail and email. Bakhtiari also deliverred one to  the meeting with Duncan the next day, and Duncan placed it in Bakhtiari's file.

29. After all this notice pleading, still Bakhtiari's cry for help went  unheard and ignored.

## COUNT 5 (FIVE)
### BIVENS – EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE
**DEFENDANTS: WALTON, WINKLMEIER, KING, HARVEY, SZOKE,MBAGWELL, DUNCAN**

30. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

31. Bakhtiari re-asserts the legal theory, elements and legal basis for this claim as asserted in count 1 (see above). This conduct, mind-set and heart-set  of defendants has the same elements as count 1. On the same basis, these defendants are liable for their conduct.

32. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 6 (SIX)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
**DEFENDANTS: WALTON, WINKLMEIER, KING, HARVEY, SZOKE, M. BAGWELL, DUNCAN**

33. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

34. Bakhtiari re-asserts the legal theory, elements and legal basis for this claim as asserted in count 2 (see above). This conduct, mind-set and heart-set of defendants has the same elements  as count 2. On the same basis, these defendants are  liable for their conduct.

35. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENT 9/10/2013, SPITEFUL AND HOSTILE RETALIATION BY M. BAGWELL AND HER COLLEAGUES

36. On or about 9/6/2013, 1 PM, the US Marshals arrived at Marion Institution and served  some of the defendants by summons from the federal court  (13-CV-906-JPG).

37. Right off the bat, Duncan approached Bakhtiari in the hallway and made hostile, snide remarks spiced up with F-bombs. And as the marshals served the defendants **hell broke loose,** and a retaliatory campaign began.

38. On or about 9/10/2013, 3 PM, M. Bagwell walked up to Bakhtiari, while Bakhtiari was waiting to see Dr. King. She told Bakhtiari **"why don you get a damn job instead of sittin around suin people?"** Bakhtiari responded that he had a job. He taught  GED math and science to inmates. She stated that she did not believe it  and she said she has issued a disciplinary allegation (ticket) against bakhtiari for **"not working and not programming".** This was obviously an act of retaliation. (Incident No. 2490644)

39. To add insult to injury, another defendant who was  served by the US Marshals, defendant Renee Strauss, sat over the adjudication  of this  disciplinary allegation and found, not surprisingly, Bakhtiari guilty of such halucinational infraction.

40. During stay at Marion, Bakhtiari did not even have time to write letters, plaintiff Bakhtiari worked as a teacher, volunteer course teacher and Bible study instructor for 15 hours a day. Not working or programming is far from Bakhtiari's inmate file and profile, as the record reflects. M. Bagwell's allegation  and Strauss's backlash were nothing but acts of retaliation,  meant to punish Bakhtiari and chill his free speech.

41. Bakhtiari brought the matter to the attention of Walton, Garcia,  Pitts, Bryson and Winklmeier. These individuals were apparently shocked by how childish such retaliatory actions were and how simpletonly conspicuous these two individuals chose their course of retaliatory conduct. But gave their full blessing of the  development of the retaliatory campaign. M. Bagwell and Strauss took these actions under direction and orders of their superiors: Walton, Garcia, Winklmeier and Bryson.

42. Above, Bakhtiari has dedicated a paragraph to explaining how the defendants like Strauss, May, Pitts and Bryson, would take **one-man-band** actions, and be the accuser, judge and executioner all in one, and would make such fabrications of disciplinary infractions, just to retaliate  and punish Bakhtiari for his free speech. This is another example, one of many.

## COUNT 7 (SEVEN)
### BIVENS – FIFTH AMENDMENT – DUE PROCESS – INMATE DISCIPLINARY HEARINGS
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL,  STRAUSS, BRYSON**

43. Plaintiff re-alleges and re-incoporates the above paragraphs herein.

44.  Program statements 5270.09 and other BOP program  statements create life, liberty property rights for Bakhtiari as an inmate, when he is accused of, or to be accused of disciplinary infractions in a prison context.

45. The obvious basic rights to skeletal  needs of such hearings: witnesses, evidence presented and  adduced, notice and hearing by an impartial arbiter,none were given to Bakhtiari by the accuser and arbiter, both of which were defendants in Bakhtiari's previous suit (13-CV-906-JPG). It is quite incredible that **right** after the  Marshals served these two individuals, they backlashed and attacked Bakhtiari in such a conspicuous manner, by  an accusation so childishly obviously fivolous and irrelevant.

46. The basic tenets of <u>Wolf v. McDonnell</u> and due process were viciously raped in this instance, even for an inmate disciplinary hearing. Kangaroo Court by Captain Kangaroo indeed!

47. As a result of defendants' conduct, Bakhtiari has been harmed.

## COUNT 8 (EIGHT)
### BIVENS – FIRST AMENDMENT– RETALIATION CLAUSE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, STRAUSS, BRYSON**

48. Bakhtiari re-alleges and re-incoporates the above paragraphs herein.

49. Plaintiff re-asserts the elements, legal theory and basis of count 2 (see above) herein. The conduct, heart-set and mind-set of defendants alleged in this instance  have the elements of the claim asserted in count 2. On the same basis defendants are liable for their conduct.

50. As a result  of defendants' conduct, plaintiff has been harmed.

<u>INCIDENT OCTOBER 1, 2013, M. BAGWELL AND HER SIDE-KICK LASH OUT BY ALL-OUT PHYSICAL ASSAULT</u>

51. Almost a month    passed from the day US Marshals came to Marion and served M. Bagwell, but still she is reeling in anger and fuming. Hell hath no wrath  like a woman scorned.

52. On or about 10/1/2013, 9 AM, Bakhtiari was----- in Health services waiting to see some doctor for pain. M. Bagwell approached Bakhtiari in the lobby of Health services and stated: **"I don't like what you are wearing, are you going to dress like this for your judge too?"** She ordered Bakhtiari to stand by the door until she sends him back to his cell and "change". While Bakhtiari was standing where he was ordered to stand and wait, M. Bagwell's close friend and side-kick, Nurse Harbison walked up to Bakhtiari and looked into Bakhtiari's eyes, then she grabbed the Iron Steel door to the lobby of the health services and slammed it unto Bakhtiari's face. Apparently this was the treatment Bakhtiari's bruised and bleeding face needed, after he had already fell off the ladder and not received any treatment for his face and neck injury!

53. After she hit the door unto Bakhtiari's face, while Bakhtiari was standing there in shock, Harbison and M. Bagwell looked at each other and laughed, then walked away together, with "girl friends' giggle" if you will. Exactly a scene out of an 80's mean girls high school musical. But real life in federal prison.

54. Bakhtiari wrote to Warden Walton, and gave a copy of the email to captain Garcia, Winklmeier and lieutenant Deloia of Special Investigations (Internal Affairs). No after-math was brought to the "girl friends" for their hostility. Walton and Garcia had given full blessing and green light to their goons, thugs and girls to punish Bakhtiari for blowing the whistle.

55. Hitting Bakhtiari on the face with the steel door was unnecessary, uncalled for, inhumane, and goes without saying, out of spite with retaliatory animus.

### BIVENS – EIGHTH AMENDMENT –EXCESSIVE FORCE CLAUSE
### COUNT 9 (NINE)
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON**

56. Plaintiff re-alleges and re-incoporates the above paragraphs herein.

57. Hitting Bakhtiari on the face with the door was wanton, sadistic infliction of pain, it was unecessary and uncalled for. This force, the steel door unto his

face,  was not applied in good-faith, was not needed to maintain discipline or peace in the institution, was beyond de minimis force and was simply sadistic.

58. A door, any door, never hit  Bakhtiari's face or body in Marion. No force or hostility was faced his way, until his dared to sue Walton, Garcia and their gang. Then the very person who is served by Marshals, sends her close friend to hit Bakhtiari in day light  with the steel door, on the face. Then she walks away laughing with her girl friend.  All elements of Eighth Amendment—Excessive Force Clause are implicated in this instance.

59. As a result of defendants'conduct plaintiff has been harmed.

### COUNT 10 (TEN)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
### DEFENDANTS: WALTON,  GARCIA, WINKLMEIER, M. BAGWELL, HARBISON

60. Plaintiff re-alleges and re-incoporates the above paragraphs herein.

61. Bakhtiari re-asserts the elements, legal basis and theory  of count 2 herein. The  conduct alleged above, the heart-set and the mind-set of defendants has all the elements of the claim asserted in count 2. On the same basis, defendants are liable for their conduct.

62.  Harbison's  conduct, M. Bagwell's conduct, their cohorting demeanor and intentions have no reason behind but retaliation, and to punish Bakhtiari for his protected speech.

63. The conduct of Bagwell and Harbison ˙was Amened and directed by Walton, Garcia and Winklmeier.

64. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENT 10/08/2013, THE GIRL FRIENDS HAVE MORE UP THEIR SLEEVES—DENIAL OF FLUE SHOT...

65. The angry  and hostile duet (M. Bagwell and Harbison ) have more to come as it appears. On or about 10/8/2013, after about 7 AM, Harbison  was leaving the residential unit (X-unit)  and  was walking in the north corridor. Bakhtiari approached Harbison and informed her that he had not had his "flu shot" yet. Harbison  has been walking around the institution and setting up mobile open clinics and adminstering flu shot, but Bakhtiari had missed her clinic all  along. Harbison's  answer was simple:

PETITION  PAGE – 9–

"go away sir!!" and she proceeded by walking down the hallway. It is clear, all the 1300 inmates in Marion correctional institute received their flu shots, but the one who sued Harbison's girl friend-Bakhtiari.

66. Bakhtiari reported the matter to Winklmeier, emailed him the same day and asked for equal treatement. Bakhtiari deliverred copies of the email, on paper, to Walton, Garcia and Bryson. These individuals stuck to their guns and allowed the punishment campaign to proceed in full throttle.

67. Add insult to the injury: M. Bagwell proceeded and issued a disciplinary infraction ticket against Bakhtiari for "lying to staff!" she claimed that Bakhtiari indeed had received his flu shot and his claim before the warden and administration was false! M. Bagwell has one active and over-reaching imagination! she truly honestly believes someone would believe the wolf she cries. Bakhtiari never received any shots in Marion, he was always denied. <u>Disciplinary Report No. 2502068</u>

68. Another Kangaroo court, this time by another one of M. Bagwell's close girl friends-Robin Bryson. Robin Bryson, denied and violated any and all tenets of due process and disciplinary hearing (PS 5270.09), she granted no chance to Bakhtiari for fair hearing, evidence, witness, independent arbitration and report. It goes without saying that Bakhtiari was found guilty of such frivolous accusations, even before M. Bagwell placed her pen on the paper to issue the incident allegation.

**COUNT 11 (ELEVEN)**
**BIVENS − EIGHTH AMENDMENT − DELIBERATE INDIFFERENCE**
**DEFENDANTS: M. BAGWELL, HARBISON, BRYSON, WALTON, WINKLMEIER, GARCIA**

69. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

70. Plaintiff re-asserts the elements, legal theory and basis of count 1 (see above) herein. The conduct alleged, the heart-set and mind-set of defendants in this instance have all the elements of the claim asserted in count 1. On the same basis, defendants are liable for their conduct.

71. As a result of defendants' conduct, plaintiff has been harmed.

PETITION PAGE − 10−

## COUNT 12 (TWELVE)
### BIVENS - FIRST AMENDMENT - RETALIATION CLAUSE
DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON, BRYSON

72. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

73. Plaintiff re-asserts the elements, legal basis and theory of count 2 (see above) herein. The conduct, heart-set and mind-set of defendants has all the elements of the claim asserted in count 2. On the same basis, defendants are liable for their conduct.

74. Defendants, denied plaintiff flu shot, caused him a deadly flu later on, and issued a false, fabricated disciplinary allegation, all for one and only one purpose: punishment, chilling Bakhtiari's speech and protected assertions before the court and other outside agencies. They took these actions out of anger and spite, not for any valid correctional or security reasons.

75. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 13 (THIRTEEN)
### BIVENS - FIFTH AMENDMENT - INMATE DISCIPLINARY HEARING AND PROCESS
DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON, BRYSON

76. Plaintiff re-alleges and re-incoporates the above paragraphs herein.

77. Plaintiff re-asserts the elements, legal basis and theory of count 7 (see above) herein. The conduct, mind-set and heart-set of defendants alleged in this instance have all the elements of the claim alleged in count (7). On the same basis, defendants are liable for their conduct.

78. As a result of defendants' conduct, plaintiff has been harmed.

RETALIATION AND RETRIBUTION SO UNABASHED AND SHAMELESS-BAKHTIARI IS PLACED IN ISOLATION AND TORMENTED FOR A PERIOD OF TWO MONTHS FOR WRITING TO THE SENATE AND CONDUCTING DISCOVERY IN CIVIL SUIT!!

79. On October 7, 2013, Bakhtiari delivered 2 notices to M. Bagwell, one informed her that he intended to perform civil discovery in the lobby of Health Services, to gather declarations from Insulin patients pertainig to 13-CV-906 lawsuit. The other notice was a copy of a letter Bakhtiari had sent on 10/7/2013 to Senator Richard Durbin of Illinois, asking him to intervene in the treatment of inmate at USP Marion-Health

Services. On October 9, 2013, Bakhtiari wrote an email to Health Services- Winklmeier, and asked him to compel his staff, including M. Bagwell to cease retaliating  against Bakhtiari in various ways. Bakhtiari delivered copies to Walton and Garcia.

80. Bitter and enraged by Bakhtiari's various ways of protected speech,  M. Bagwell did the unspeakable. She frivolously, fabricated and alleged that  Bakhtiari "stalked" her. She issued a  serious disciplinary incident allegation, **knowing,** that her colleagues and friends at USP Marion would immediately place Bakhtiari in isolation for the common and frivolous excuse of "investigation". This was nothing but a ruse, a scheme to harm and punish Bakhtiari for his  speech. There is no way Bakhtiari would stalk M. Bagwell. There was not a single piece of evidence to support or even raise probable cause to suspect. M. Bagwell simply abused her position of authority to punish Bakhtiari. (Incident Number 2502591)

81. On or about 10/10/13, 3 pm, after M. Bagwell issued her imaginary allegation of stalking, Bakhtiari was transferred to isolation  and kept there for two months. While in isolation, Bakhtiari was denied shower, air,medicine and even a bible.

82. In custody, in isolation, J. Bagwell (M. Bagwell's husband), who is also an employee in USP Marion (J. Bagwell is computer services administrator), came to Bakhtiari's cell and told Bakhtiari: **"Son! you got some nerves messin with my woman!"** Bakhtiari explained to J. Bagwell that speech under First Amendment, and utilizing the court system or due process to seek relief is in no way "messin with his woman!"

83. In the two months Bakhtiari was in isolation, in numerous occasions  Walton, Garcia and Winklmeier and Bryson came to the cells in isolation. Bakhtiari pleaded with them to see that the Stalking is nothing but a ruse and retaliation. These defendants gave the frivolous excuse of "under the investigation". Even if under investigation, Bakhtiari had the right to fresh air, shower and medicine and a bible. These defendants ignored this very simple need for an inmate  in isolation.

84. From isolation Bakhtiari contacted his loved ones outside and asked them to call Walton and beg  him to humanity. When done so, Walton even denied that Bakhtiari was being kept in isolation. **Bold faced  falsities...**

85. During the two months Bakhtiari was in isolation, M. Bagwell and Harbison made regular visits to the isolation unit for sick-calls. They passed Bakhtiari's cell and ignored Bakhtiari's calls for sick-call and his pleas for help, while he was in severe chest pain. In more than one instance, when M. Bagwell and Harbison passed by Bakhtiari's isolation cell and heard Bakhtiari's call for attention, they gave him the middle finger and walked away.

86. From isolation Bakhtiari wrote to Walton, J. Bagwell and Bryson, begging them to preseve the paper based and electronic evidence pertainig to his case and claims against the Health services and other USP Marion entities. Bakhtiari even wrote a motion to the US District court to compel the defendants to preserve. Not surprisingly, after Bakhtiari was taken out of isolation, he found a substantial portion of his paper based and electronic evidence (emails) missing. Bakhtiari even asked J. Bagwell to suspend the periodic document -recycling program of the emails to preserve evidence, J. Bagwell ignored these calls and electronic evidence was eliminated **(spoliated).**

87. From isolation, Bakhtiari was taken to the Benton branch of US District Court for Southern Illinois, for a hearing before Honorable Judge Frazier. Judge Frazier point blank asked the defendants: "why is this inmate in the seg.?" defendants Winklmeier and Wyatt, who exactly knew why Bakhtiari was being tormented in isolation, responded that they did not know why. This is impossible. These individuals were before the Court since they knew the most about Bakhtiari's issues and grievances.

### COUNT 14 (FOURTEEN)
### BIVENS - 8TH AMENDMENT - DELIBERATE INDIFFERENCE
### DEFENDANTS: M. BAGWELL, HARBISON, WINKLMEIER, WALTON, GARCIA

88. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

89. Plaintiff re-asserts the elements, legal theory and basis of count 1 (see above) herein. The conduct, heart-set and mind-set of defendants as alleged in this instance have all the elements of count 1. On the same basis, the defendants are liable for their conduct.

90. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 15 (FIFTEEN)
### BIVENS — FIRST AMENDMENT — RETALIATION CLAUSE
**DEFENDANTS — M. BAGWELL, HARBISON, WINKLMEIER, WALTON, GARCIA, BRYSON**

91. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

92. Plaintiff re-asserts the elements, legal theory and basis of count 2 (see above) herein. The conduct, heart-set and mind-set of defendants as alleged in this instance have the elements of count 2. On the same basis, defendants are liable for their conduct.

93. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 16 (SIXTEEN)
### BIVENS — FIFTH AMENDMENT — INMATE DISCIPLINARY HEARING
**DEFENDANTS: M. BAGWELL, HARBISON, WINKLMEIER, WALTON, GARCIA, BRYSON**

94. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

95. Plaintiff re-asserts the elements, legal theory and basis of count 7 (see above) herein. The conduct, heart-set and mind-set of defendants in this instance has all the elements of count 7. On the same basis the defendants are liable for their conduct.

96. It is incredible and amazing, that when the delusional incident allegation-"stalking" (Incident report No. 2502591) was sent to a Disciplinary Hearing Officer for review, at once, this officer dismissed the incident allegation. Any one who looks into this incident allegation and the timing of its issuance, even a child, can easily see its retaliatory and pretextual nature and animus.

97. As a result of the defendants'conduct, plaintiff has been harmed.

INCIDENT DECEMBER 13, 2013, FABRICATION OF HEARING TEST RESULTS

98. As a result of the defendants' indifference Bakhtiari fell off a ladder and injured his head and neck and back on or about 9/8/2013. **Three months later**, after much pleading and pushing, the defendants granted Bakhtiari a hearing test. Bakhtiari appeared at Health Services sharply at 8 AM. The test was performed on 8 AM by one of M. Bagwell's assistants. After the test, Bakhtiari asked to be present to sign and authenticate the test results print-out. He was denied, the staff (Jane Doe) utilized foul language and bullying to push Bakhtiari out of the office (8:30 AM). Bakhtiari over-heard Jane Doe speak on the phone to M. Bagwell. By 8:45 AM Bakhtiari was let

PETITION PAGE -14-

back in the office. A print-out was thrown in front of him by  Jane Doe.  She said: **"here! sign your fucking print-out!"** Bakhtiari noticed that  the print-out bore the time 9 AM. How could a test performed on 8 AM, finished by 8:30 AM, bear the time 9 AM? the print-out was  a **fraudulent fabrication.** M. Bagwell, Winklmeier and their staff attempted to cover-up the hearing loss they had caused upon Bakhtiari. Bakhtiari made a note of this discrepancy on the print-out and made sign and initials. It is incredible that there are inmates in USP Marion serving time for the exact type of conduct, and United States officials do the same deed.

99. Bakhtiari asked Walton, Garcia, M. Bagwell and Winklmeier to address the fraud issue, they ignored Bakhtiari's numerous notices.

100. The print-out, be it a fraudulent one, was never examined by a doctor or audiologist and Bakhtiari's hearing loss was never addressed, in spite of numerous pleas.

## COUNT 17 (SEVENTEEN)
### BIVENS – EIGHTH AMENDMENT – DELIBERARTE INDIFFERENCE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, JANE DOE**

101. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

102. Plaintiff re-asserts the legal basis, elements and theory of count 1 (see  above) herein. The conduct, heart-set and mind-set alleged herein has all the elements of count 1. On the same basis, defendants are liable for their condcut.

103. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 18 (EIGHTEEN)
### BIVENS – FIRST AMENDMENT  – ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, JANE DOE**

104. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

105. First Amendment creates right to "meaningful access to courts" for plaintiff. By fabricating the print-out after the hearing test, the above defendants violated this constitutional right. By fabricating the print-out, and then not investigating this crime, and covering it up, the defendants stymied Bakhtiari's chance to pursue this claim in courts. This was a nonfrivolous claim, this indeed still is a meritorious claim, which  defendants'fraud hindered from reaching the courts. Bakhtiari suffers

from permanent injuries and loss due to defendants' conduct.

106. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 19 (NINETEEN)
### BIVENS – FIFTH AMENDMENT – ACCESS TO COURTS
### DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, JANE DOE

107. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

108. Fifth Amendment creates right to "meaningful access to  courts" for plaintiff. As explained supra (parag. 98 to 106), defendants hindered and stymied Bakhtiari's access to courts to seek remedy  for his constitutional rights by fabricating print-out of the hearing test. Bakhtiari had/has a meritorious non-frivolous claim before the Court for his hearing loss.  He suffers an actual and tangible injury due to defendants' fraudulent conduct in fabricating print-out.

109. Bakhtiari attempted to bring his other constitutional rights violations to the courts, but defendants blocked, hindered and denied him such  access by their corrupt and fraudulent conduct.

110. As a result of defendants' conduct,  plaintiff has been harmed.

## COUNT 20 (TWENTY)
### BIVENS –  FIRST AMENDMENT–  RETALIATION CLAUSE
### DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, JANE DOE

111. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

112. The conduct, heart-set and mind-set of defendants as alleged in this instance have all the elements of the count of claim alleged in count 2 (supra). On the same basis defendants are liable for their conduct.  Plaintiff re-asserts the elements, legal  theory  and basis of count 2 herein.

113. As a result of defendants' conduct,  plaintiff has been harmed.

INCIDENT  12/17/2013 INTENTIONAL EXPOSURE OF BAKHTIARI  TO MRSA,"GLOVES ARE OFF"

114. After Bakhtiari was tormented and abused for two months in isolation, he survived the Bastille like treatement and was released back into the general population. Still filled with hatred, Winklmeier, M. Bagwell, Harbison, Walton and Garcia, planed and executed to expose Bakhtiari to MRSA  (infectious disease).

METHICILLIN-RESISTANT-STAPHYLOCOCCUS AUREUS (MRSA)(STAPH. INFECTION) is a form of infection common in prisons, which the inmates and officials avoid as a plague. This literal plague was brought upon Bakhtiari, intentionally by the defendants. Inmate Cree was operated on in an outside hospital to remove MRSA infection from his foot. He was removed too early from the hospital ward and while **still bleeding** placed in Bakhtiari's cell and his blood covered the sheets and the bed. His blood even spilled and contaminated the floor. Bakhtiari emailed Winklmeier, and he printed the email and handed copies to Walton, Garcia, M. Bagwell and Harbison. Bakhtiari was in fact exposed to  MRSA. The defendants refused to isolate Cree or Bakhtiari or the third roommate (Robert Rivers).  Bakhtiari talked to the above-named defendants, each and every one, in person, at least twice each, begging them to isolate either Cree or  him but these defendants utilized bullying and foul language and told Bakhtiari not to come back about  the issue. Winklmeier and his two colleagues-M. Bagwell and Harbison, simply stated:**"we are aware!"** and nothing further. M. Bagwell peppered Bakhtiari with numerous F-bombs telling him not to bother her with the issue and simply that "we are aware!".

### COUNT 21 (TWENTY  ONE)
### BIVENS – EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE
### DEFENDANTS: WINKLMEIER,  M. BAGWELL, HARBISON, WALTON, GARCIA

115. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

116. Plaintiff re-asserts the basis, legal theory and elements of count 1 (supra) herein. The conduct,  heart-set and mind-set of defendants as alleged in this instance has all the elements of count 1. On the same basis, defendants are liable for their conduct.

117.  As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 22 (TWENTY TWO)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
### DEFENDANTS: WINKLMEIER, M. BAGWELL, HARBISON, WALTON, GARCIA

118. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

119. PLAINTIFF RE-ASSERTS THE elements, legal theory and basis of count 2 (supra) herein. The conduct, heart-set and mind-set of defendants, as alleged in this instance has all the elements of count 2. On the same basis, defendants are liable for their conduct.

120. As a result of defendants' conduct, plaintiff has been harmed.

<u>INCIDENT 12/21/2013, MAIL FRAUD/INTERCEPTION BY WALTON, GARCIA, ROUNGE AND M. DAUN</u>

121. On or about 11/5/2013, Honorable Judge Frazier issued an R&R pertainig to Bakhtiari's claims in suit 13-CV-906-JPG. Walton, Garcia and Rounge, in an orchestrated event and effort, withheld the legal mail (R&R Recommendation) from Bakhtiari. Bakhtiari never received the R&R.   On or about 12/21/2013, Bakhtiari wrote to Walton and asked him stop tampering, interfering and fraudulently with-holding mail.

122. Bakhtiari was late in responding to R&R. Bakhtiari wrote to court and asked the clerk to re-send a copy via legal mail to Bakhtiari so he coùld respond and object.

123. After receiving the R&R, Bakhtiari prepared an Objection to R&R, a voluminous brief with 15 exhibits. Bakhtiari was at the time indigent. He had to take the brief and exhibits to Robin Bryson for copying and postage to the court. Bakhtiari met with Bryson on or about January 16th 2014. Brỳson explained that she was leaving (rotating) and introduced her temporary replacement-M. Daun.Bryson----and M. Daun received the brief and exhibits, made copies and placed in an orange envelope. Bakhtiari labelled the envelope and addressed it. M. Duan placed stamps from the indigent fund on the envelope. Bryson and M. Duan, asked Bakhtiari to stay out of the office and had a short meeting. Bryson stated, after the meeting, that they need to assure that Bakhtiari will not remove the stamps from the envelope and gamble with the stamps (prison currency). Bryson held the envelope and promised to place it in the out-going mailbox herself. This way Bakhtiari could not remove the stamps from the indigent and use them for gambling or other inmate uses of stamps. **The envelope never made it to the court.** Bryson never placed the envelope in the out-going mail. In a sham, Brysón did away with Bakhtiari's brief to assure Bakhtiari's suit 13-CV-906 would be stymied and hindered.

124. BAKHTIARI suspected as much. After their brazen and brutal acts, there was nothing to be passed these people. Bakhtiari, indigent at the time, borrowed a stamp, an envelope and paper from another inmate and he sent a "notice of filing and certificate of service" to the court. Bakhtiari informed the court of the "Prison Mailbox" event, that as far as dependable upon him as an inmate, he had done his part and prepared his objections and placed them in the hands of such honest sincere officials, such as Bryson and Daun. Inmate could do no further, he did not have the liberty of ˆ driving to the post office, or funds to send certified mail. Bryson, Daun, Walton, Garcia and Rounge, took full advantage of this limitation and in the lowest form, simply took an envelope out of the out-going mail. But in this colorful circus,what is good for the goose is not good for the gander. Was Bakhtiari the one touching the out-going mail, attorney Wyatt and his gang would be bombarding Bakhtiari with "inditments" for mail-tampering  But Walton, Garcia, Bryson and Daun and Rounge are above the law!

125. When it came to Judge Frazier's R&R, Walton and his gang commited blatant mail-tampering two times at least: they removed R&R from Bakhtiari's incoming mail, and they removed Bakhtiari's objections to R&R from the out-going mail.

### COUNT 23 (TWENTY THREE)
#### BIVENS- FIRST AMENDMENT – ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, ROUNGE, BRYSON, DAUN**

126. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

127. Plaintiff re-asserts the elements, legal basis and theory of count 18 (supra) herein. This instance, conduct, mind-set and heart-set of defendants have   all the elements of count 18. On the same basis defendants are liable for their conduct.

128. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 24 (TWENTY FOUR)
#### BIVENS – FIFTH AMENDMENT – ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, ROUNGE, BRYSON, DAUN**

129. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

130. Plaintiff re-asserts the elements, legal basis and theory of count 19 (supra) herein. This instance, conduct, mind-set and heart-set of defendants has all the

elements of count 19.

131. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 25 (TWENTY FIVE)
### BIVENS-FIRST AMENDMENT-RETALIATION CLAUSE
**DEFENDANTS: WALTON, GARCIA, ROUNGE, BRYSON, DAUN**

132. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

133. Plaintiff re-asserts the elements, legal theory and basis of count 2 (supra) herein. This instance, the conduct, heart-set and mind-set of defendants have all the elements of count 2. On the same basis defendants are liable for their conduct.

134. As a result of defendants' conduct, Plaintiff has been harmed.

MAIL FRAUD/INTERCEPTION BY WALTON, GARCIA, BRYSON, DAUN AND ROUNGE-FURTHER NOTES OF FACTS

135. On or before January 16, 2014, on numerous occasions, Bakhtiari went to Bryson and asked for indigent stamps to report their behavior to the Court and ask for relief. Knowing of the on-going litigation and need for access to the court, Bryson blatantly denied Bakhtiari indigent stamps, paper and envelope. She refused to even give him an ink-pen to write with.

136. Bakhtiari wrote numerous emails to Walton, and handed print-out of emails to Walton and Garcia and Rounge, asking them to intervene. But this was an orchestrated event by all the above defendants to cut Bakhtiari's access to the court. Judge Gilbert's Order was issued dismissing Bakhtiari's claims without him seeing Bakhtiari's objections. Finaly, the chicanery of Walton and his staff became effective and utilizing their control over this inmate plaintiff, they cut his access to due process of law.

INCIDENT 1/17/2014, THE SNAKE BITES AGAIN!!! STRAUSS JOINS THE CAMPAIGN.

137. After months of pleading, the unit counselor Pitts, after observing the bruised and bleeding face (after fall), agreed to place Bakhtiari in a bed without a ladder. He placed Bakhtiari in the middle bunk (X-910, lower) so Bakhtiari would not be injured by climbing up a ladder.

138. On or about 1/17/2014, afternoon, Bryson, M. Bagwell, Harbison and Strauss came to Bakhtiari's cell, X-110 and ordered him to leave the cell. After a short meeting

in Bakhtiari's cell, the defendants left the cell and Strauss approached Bakhtiari and stated that she has moved Bakhtiari from cell-110, lower floor, lower bunk, to second floor, upper bed-back up the ladder again. Bakhtiari showed all the record to Strauss, of the chest issues, back problems, fall earlier in September and inability to climb up the ladder. Strauss spit out her famous **"I don give a fuck!"** and after such lady-like demeanor, went back to her office.

139. Bakhtiari emailed Winklmeier, and printed out the email and handed it in person to Walton, Garcia, M. Bagwell, Bryson and Daun. All to no avail and Bakhtiari was forced to climb up the ladder again numerous times a day, suffering intense pain in chest, back, neck and head and being expose to dangerous fall, just like September's fall which caused hearing loss and on-going headaches and other types of injuries.

### COUNT 26 (TWENTY SIX)
#### BIVENS - EIGHTH AMENDMENT - DELIBERATE INDIFFERENCE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, BRYSON, STRAUSS, HARBISON**

140. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

141. Plaintiff re-asserts the elements, legal theory and basis of count 1 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 1. On the same basis, defendants are liable for their conduct.

142. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 27 (TWENTY SEVEN)
#### DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, BRYSON, STRAUSS, HARBISON
#### BIVENS - FIRST AMENDMENT - RETALIATION CLAUSE

143. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

144. Plaintiff re-asserts the elements, legal theory and basis of count 2 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 2. On the same basis, defendants are liable for their conduct.

145. As a result of defendants' conduct, plaintiff has been harmed.

DENIAL OF INDIGENT SUPPLIES-HYGIENE, PAIN-MEDICATION AND STAMPS IN DECEMBER/13, JAN AND FEBRUARY OF 2014

146. For an inmate who is deemed indigent by BOP, it is a duty for the officials to provide him with Hygiene supplies and mailing ,writing supplies and stamps. As an act of

VINDICTIVENESS, to retaliate, torment and abuse, and to cut Bakhtiari's access to due process and the courts, in an orchestrated cohorting effort, Walton, Garcia, Winklmeier, M. Bagwell, Harbison, Bryson and Pitts denied Bakhtiari Hygiene supplies, mailing and writing supplies and stamps. Bakhtiari wrote numerous emails to Walton requesting him to intervene and provide him with what due process entitles him to. Bakhtiari even printed out these numerous emails, at each instance within the months of December/2013, January and February of 2014, and hand-delivered the email request to each and every one of these individuals during the lunch-hour "open door" interactions, or during their business hours. These defendants were not minded on what the constitution and the Program Statements provide for this indigent inmate. They were merely focued on their goal, which was punishing Bakhtiari's free speech and cutting his access to the courts.

## COUNT 28 (TWENTY EIGHT)
### BIVENS – EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON, BRYSON, PITTS**

147. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

148. Plaintiff re-asserts the elements, legal theory and basis of count 1 (supra) herein. This instance, conduct, heart-set and mind-set of defendants has all the elements of count 1. On the same basis, the defendants are liable for their conduct.

149. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 29 (TWENTY NINE)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON, BRYSON, PITTS**

150. Plaintiff re-alleges and re-incorporates the above-paragraphs herein.

151. Plaintiff re-asserts the elements, legal theory and basis of count 2 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 2. On the same basis, the defendants are liable for their conduct.

152. As a result of defendants' conduct, plaintiff has been harmed.

<u>INCIDENT 2/3/2014, HEY BUDDY BOY!! LET'S MESS WITH THIS DUDE, HOW ABOUT TAKING HIS MEDS?</u>

153. On or about 2/3/2014, Bakhtiari was in the dining hall waiting for permission, controlled movement to return to his unit. While waiting, in the dining hall, Winklmeier and Lieutenant Byram were standing in a corner, looking at Bakhtiari, whispering in each other's ears and loughing. Many looks, back and forth from Bakhtiari, nodding toward him and then more whispers and loughs. After the permission was announced and Bakhtiari began walking in the hall-way, Byram came after Bakhtiari and stated: **"hold on a minute bubba!!"** Bakhtiari responded "I typically do not respond to Bubba!!" Byram searched Bakhtiari and emptied his pockets. Bakhtiari was just issued his medication by the pharmacy (Prozac, Bursperone).Byram looked at the bottles and capriciously chose Bursperone and asked Bakhtiari: **"What the heil is this thang son?"** Bakhtiari responded that it was,according to the label-Bursperone. Byram said: **"it sure as heil don look like Burspar to me!!"** Bakhtiari asked if Byram was a doctor or a pharmacologist or a pharmacist to know how the different medicines looked like. Byram stated: **"I'ma hold to this'en you might getem later, go on home now son!!"** That was the <u>last ever</u> Bakhtiari saw of his Bursperone. Until his last stay in USP Marion, Bakhtiari never saw his Bursperone or any Bursperone refills.

154. This was clearly an act of abuse, torment and retaliation. Bakhtiari suffers from PTSD and Bursperone is necessary for him. Winklmeier and Byram,in this abusive buddy-boy trickery,took Bakhtiari's much needed medicine away. Good old boys can have their saturday night fun by tipping cows or throwing beer bottles at the rocks by the river, but abusing a litigant by taking his much needed medicine and watching him suffer is inhumane and unconstitutional.

155. Bakhtiari wrote emails to Walton, Garcia, Winklmeier, M. Bagwell and Harbison and Byram on numerous occasions. Bakhtiari emailed the above individuals on 2/3/14, 2/22/14, 2/27/14, 3/10/14, 3/14/14, 3/27/14, 5/16/14, 8/7/14 and many other occasions, begging for his necessarily needed vital Bursperone. But these defendants sadistically watched and enjoyed. Bakhtiari printed out each email and copied and handed each one the request

JUST TO BE IGNORED BY THE KKK LIKE GANG.

156. From 2/3/14 until his last day of stay in Bastille Marion, Bakhtiari suffered from severe anxiety, sleep-lessness, nausia and many other withdrawal effects. The show was joyful to the eyes of the tormentors, but it was mere torture to him. When Bakhtiari arrived at the transfer-center in Oklahoma city, he was issued Burspar, and was stabilized.

## COUNT 30 (THIRTY)
### BIVENS – EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON, BYRAM**

157. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

158. Plaintiff re-asserts the elements, legal theory and basis of count 1 (supra) herein. This instance, conduct, heart-set and mind-set of defendants has all the elements of count 1. On the same basis, defendants are liable for their conduct.

159. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 31 (THIRTY ONE)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON, BYRAM**

160. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

161. Plaintiff re-asserts the elements, legal theory and basis of count 2 (supra) herein. This instance, conduct, heart-set and mind-set of defendants has all the elements of count 2. On the same basis, defendants are liable for their conduct.

162. As a result of defendants' conduct, plaintiff has been harmed.

<u>INCIDENT 2/16/2014, FLU, BLOOD, FULL BODY ACHE, THREATS OF DEATH BY OTHER INMATES</u>

163. On or about 2/16/2014, Bakhtiari ws suffering from Flu. He coughed up blood in his cell and was laying down with full body ache. Bakhtiari begged for flu shot at least twice and was denied by the Health Services during 2013 and 2014. Bakhtiari walked, painfully, to the Lieutenant's office and was turned around by officer Somers half-way to the Lieutenant's office. He stated that Bakhtiari "looked fine".

164. Upon return to his cell, Bakhtiari was threatened to be stabbed and killed by other inmates since he was exposing them to flu. Bakhtiari walked back to Lieutenant's office and begged again. This time, Lieutenant allowed the nurse (Cullers) to see Bakhtiari.

165. Cullers performed a temprature test and was shocked by how high Bakhtiari's temprature was. Bakhtiari was instantly transferred to medical isolation. Bakhtiari asked Cullers to perform a swab test. Denying him flu shot had caused the flu, and now Cullers had to try to cover it up.

166. Cullers had to perform swab test to confirm and record the flu which defendants had caused by denying Bakhtiari flu-shot. He refused. Cullers, late night on 2/16/2014, called Winklmeier at his house and they agreed to cover the tracks and cover-up the flu they had caused by NOT performing the swab test. But no one could hide such alarmingly high body temprature that could only be caused by flu.

167. For three days, Bakhtiari coughed up blood and existed in full body ache in the isolation. He was denied any kind of medicine or treatment for his flu, not even a pain killer. Not even the Burspar which helped him sleep and was issued to him by the doctor himself.

168. On or about 2/20/14,while still coughing up blood, Bakhtiari was released and sent back to his cell,still exposing other inmates to flu.

169. On or about 2/20/14, early moring hours, Bakhtiari began coughing up blood in his cell. He activated the emergency button. Lieutenant Wells refused to assist or even isolate in any fashion.

170. Bakhtiari, on or about 2/20/14 (12 PM), emailed Walton and reported the issue of flu and blood and exposure and etc. to him. Bakhtiari printed/copied the email to Walton, Winklmeier, M. Bagwell, Harbison, and Garcia. They all only responded that: "we are aware of your existing condition!" That helps not a lot, them being aware of the flu would not heal it, lessen Bakhtiari's pain or protect other inmates from catching it. Attendance, medicine, isolation and humane care was needed. But the gang who are hell-bent to punish free speech are not in the business of humane care, far from it.

### COUNT 32 (THIRTY TWO)
### BIVENS - EIGHTH AMENDMENT - DELIBERATE INDIFFERENCE
### DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON, CULLERS, WELLS

171. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

172. Plaintiff re-asserts the elements, legal theory and basis of count 1 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all the elements of count 1. On the same basis defendants are liable for their conduct.

173. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 33 (THIRTY THREE)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
### DEFENDANTS: WALTON, GARCIA,  WINKLMEIER, M. BAGWELL, HARBISON, CULLERS, WELLS

174. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

175. Plaintiff re-asserts the elements, legal basis and theory of count 2 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 2. On the same basis, defendants are liable  for their conduct.

176. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENT 6/10/2014: FAKE FIRE-DRILL TO STEAL EVIDENCE FROM THE LITIGANT

177. On or about 8:30 AM of 6/10/14, Willams ("Billy May") came to Bakhtiari's cell and ordered him to leave the housing unit. Bakhtiari asked why and May responded that he did not have to give reasons, but there was to be a fire-drill. Bakhtiari was escorted to the yard  and he was kept there under the rain until 10:30 AM.  Then let back into his unit and his cell.

178. Upon return Bakhtiari found his cell dishevelled, specially his locker and legal files. A folder of email-print outs and Bakhtiari's legal research and personal notes were missing. Bakhtiari went to May and demanded back his evidence (which pertained to this suit and 13-CV-906). May barked back profanities and walked Bakhtiari out of his office. Bakhtiari emailed Walton, printed/copied email to Garcia and May. All three denied having ransacked  Bakhtiari's cell. The other staff and inmates all denied having there ever been a fire-drill or anything like it.

179. This was ruse to take litigation sensitive material out of Bakhtiari's cell. These individuals knew that Bakhtiari was in process of collecting evidence and testimony to support his claims. These defendants simply muscled their way to interfer with Bakhtiari's access to due process.

### COUNT 34 (THIRTY FOUR)
### BIVENS — FIRST AMENDMENT — ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, MAY**

180. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

181. Plaintiff re-asserts the elements, legal theory and basis of count 18 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 18. On the same basis defendants are liable for their conduct.

182. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 35 (THIRTY FIVE)
### BIVENS — FIFTH AMENDMENT — ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, MAY**

183. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

184. Plaintiff re-asserts the elements, legal theory and basis of count 19 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 19. On the same basis defendants are liable for their conduct.

185. As a result of defendants' conduct, plaintiff has been harmed.

INSTANCES OF WITHHOLDING THE LIBRARY ACCESS TO ASSURE THE LITIGATION IS HINDERED

186. On or about June 20, 2014, Meed witnessed Bakhtiari, Gomez , Jenkins and Smith work on motions and brief related to Bakhtiari v. Walton (13-CV-906). He came over and saw briefs and papers with the case number and names. He went back to his phone and called Walton and reported the matter. When Bakhtiari asked him to place toner and paper in the machine so they could proceed with motion preparations, Meed responded a resounding **"fuck no!"** but gave no reason why, not a valid reason at least.

187. The next day, when Meed saw the same people: Bakhtiari, Gomez, Jenkins and Smith waiting to enter the library, he went back to his office and made another call to Walton. Then he grabbed his lunch box and announced that the liabrary would be closed for the day!! (6/21/2014)

188. The same occured with Walton and his assistant on 6/30/14. When Bakhtiari discussed preparation of a injunction with Walton and his assistant, they closed the library at once to assure access to the court is cut off.

PETITION PAGE -27-

189. The same conduct: hostile refusal to provide paper, copying machine, toner and access occured on 7/14/2014. Castillano refused to put paper in the print and copy machine As a reason, she explained to Bakhtiari **"I don wan nothin to do with your court shit!!"**

190. 9/29/2014: Winn, library/trust fund supervisor cut access to law library (LexisNexis) as an act of hostility to hinder access to the courts for Bakhtiari.

191. Each of the above instances are intentional, calculated, hostile acts to limit and hinder Bakhtiari's access to courts. Each and every one is done by direct involvement and orders of Walton and Garcia. Each and every one is an act of retaliation and hostile animus. In each instance, Bakhtiari emailed Walton and Garcia, even hand deliverred the print of email request to them. Walton and Garcia smirked and ridiculed Bakhtiari to express their bitterness and anger at protected speech.

### COUNT 36 (THIRTY SIX)
### BIVENS – FIRST AMENDMENT – ACCESS TO COURTS
### DEFENDANTS: WALTON, GARCIA, MEED, CASTILLANO, WINN

192. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

193. Plaintiff re-asserts the elements, legal basis and theory of count 18 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 18. On the same basis defendants are liable for their conduct.

194. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 37 (THIRTY SEVEN)
### BIVENS – FIFTH AMENDMENT – ACCESS TO COURTS
### DEFENDANTS: WALTON, GARCIA, MEED, CASTILLANO, WINN

195. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

196. Plaintiff re-asserts the elements, legal basis and theory of count 19 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 19. On the same basis defendants are liable for their conduct.

197. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 38 (THIRTY EIGHT)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
### DEFENDANTS: WALTON, GARCIA, MEED, CASTILLANO, WINN

**198.** Plaintiff re-alleges and re-incorporates the above paragraphs herein.

199. Plaintiff re-asserts the legal theory, elements and basis of count 2 (supra) herein. This conduct, instance, heart-set and mind set of defendants have all elements of count 2. On the same basis, defendants liable for their conduct.

200. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENT 6/25/2014 **"QUIT FILIN SHIT, GET THE FUCK OUTA MY OFFICE!!!"**

201. Under direct advise and direction of Walton and Garcia, their staff began a campaign to block and sabotage the administrative remedy process to "gin up" the defense of "failure to exhaust" for their unethical counsel (see supra). In this process and objective, counselor of the X unit-B. May would regularly use profanities, bullying and intimidation to hopefully, as he wished, bully Bakhtiari out of his due process rights under administrative remedy process (PS 1330.18).

202. On 6/25/2014, when Bakhtiari was attmepting to file a BP9  (admin. remedy form), May threw the form unto Bakhtiari's face and shouted: **"quit filin shit, get the fuck outa my office!!"** This is an act of hosility and clear corrupt attempt to bully Bakhtiari out of his right under due process to pursue administrative remedy.

203. Up to the month of June of 2014, there wereat least ten (10) unanswered BP8 filings, (initiation of administrative remedy) and about the same amount of BP9's. Bakhtiari wrote, numerous times, to Nathan Wyatt, Sarah Qureishi, Walton, Garcia, Rushing and talked in person with May.  All to no avail. These individuals were hell-bent to fix-up and create the defense of "failure to exhaust" for their counsel at any cost. These individuals have/had direct role and responsibility in handling and processing administrative remedy process, and to address Bakhtiari's pleadings in compelling Walton and Garcia to allow administrative remedy to progress. Rushing was the administrative remedy clerk of USP Marion, and he was Walton and Garcia's "go to" man to assure that Bakhtiari's admin. remedy filings are lost, ignored, rejected or stymied in any manner.

204. Bullying, foul language, intimidation was used by May and Lieutenant Mash (Special Investigation ("SIS")) to assure or try to bully him out of pursuing administrative remedy. 6/26/14, 7/23/14, 8/9/14, 8/17/14, 9/25/14, 10/3/14, are some of the dates when such corrupts attempts to block admin-remedy occured by the above individuals.

**EXHIBITS 1, 2, 3, 4 [EMPHASIS ADDED]**

205. These individuals: Walton, Garcia, May, Mash, Rushing, Qureishi and Wyatt acted in cohorts with each other in the corrupt attempt to block and hinder admin-remedy process. This was an act of cutting access to courts and hostile retaliation.  At each instance Bakhtiari wrote to them, even hand-deliverred   email or sent the surface mail to them twice, to assure they are on notice about what they do. They ignored the notice deliberately. Bakhtiari even wrote a motion in this effect to the Court under the case 13-CV-906, to compel defendants to allow administrative remedy to be initiated and prog-ress. Bakhtiari even wrote a letter directly to Chief Judge Honorable Hernden on the subject, all to be ignored by the defendants and they proceeded by their corrupt attempt to undermine and impede due process of PS 1330.18, and the explicit order of Judge Gilbert to pursue admin-remedy process and Administrative Procedure Act.

### COUNT 39 (THIRTY NINE)
### BIVENS – FIRST AMENDMENT – ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, RUSHING, MAY, MASH, WYATT, QUREISHI**

206. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

207. Plaintiff re-asserts the elements, legal basis and theory of count 18 herein. These instances, conduct, heart-set and mind-set of defendants have all the elements of count 18 (supra). On the same basis, defendants are liable for their conduct.

208. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 40 (FORTY)
### BIVENS – FIFTH AMENDMENT– ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, RUSHING, MAY, MASH, WYATT, QUREISHI**

209. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

210. Plaintiff re-asserts the elements, legal basis and theory of count 19 (supra) herein. These instances, conduct, heart-set and mind-set of defendants have all elements of count 19. On the same basis, defendants are liable for their conduct.

211. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 41 (FORTY ONE)
### BIVENS – FIRST AMENDMENT –RETALIATION CLAUSE
**DEFENDANTS: WALTON, GARCIA, RUSHING, MAY, MASH, WYATT, QUREISHI**

212. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

213. Plaintiff re-asserts  the elements, legal basis and theroy of count 2 (supra) herein. These instances, conduct, heart-set and mind-set of defendants have all the elements of count 2. On the same basis, defendants are liable for their condcut.

214. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENT 7/3/2014,SAILOR SINGS SOLO..."YOU THINK I'M SCARED OF YOU BECAUSE YOU ARE SUING WALTON? WHO THE FUCK ARE YOU TO SUE PEOPLE?"

215. In one of the one-man-band actions of one of defendants where the defendant issues a disciplinary infraction allegation and he himself judges and adjudicates and executes, in the Kangaroo court disciplinary hearing, Curry (administrative secretary and correct-ional officer) took some evidence from Bakhtiari to transport them/fax them to the disciplinary hearing officer (DHO). She refused to return the evidence, which was litigation sensitive material to Bakhtiari. Bakhtiari wrote an email to her boss (Assistant Warden)on 7/3/14. At once she appeared at Bakhtiari's housing unit and asked to see Bakhtiari.  She raised her finger and stated "this is a one-way conversation, so shut your fucking mouth and listen!!" Bakhtiari quietly listened. Who could ever argue with such a lady-like manner?! She went on peppering Bakhtiari with various tenses and versions of F-bombs, going on to say "you think I'm scared of you because you are suing Walton? who the fuck are you..." Then on to say she did not want to return the evidence, or she would return when she was good and ready! And of course, the show is not a  show, unless  one of these agents makes a snide remark about Bakhtiari's suit against Walton or his pursuit of Admin-Remedy process: she finished off this fantastic soliloquy suprano by stating: "you write fucking bullshit about me again I'll write you up!"

216. A meeting with the captain, Ltn. Mash of SIS, stop-by talk with the Warden and a few emails later, still Currey, this woman scorned for no reason apparent, did not return the package of evidence she took from Bakhtiari under the guise of faxing it to DHO.

217. This act of hostility,unnecessary  as it was, unless you are teaming with Walton

and Garcia, was meant to retaliate and intimidate and to take evidence which was directly and substantially supporting litigation claims. Currey was a direct agent of Walton and Garcia in their campaign to retaliate, intimidate and cover-up. She acted by their direct orders and orchestration.

### COUNT 42 (FORTY TWO)
### BIVENS —FIRST AMENDMENT – ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, CURREY**

218. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

219. Plaintiff re-asserts the elements, legal thoery and basis of count 18 (supra) herein. This instance, conduct, mind-set and heart-set of defendants have all elements of count 18. On the same basis the defendants are liable for their conduct.

220. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 43 (FORTY THREE)
### BIVENS – FIFTH AMENDMENT – ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, CURREY**

221. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

222. Plaintiff re-asserts the elements, basis and legal theory of count 19 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 19. On the same basis the defendants are liable for their conduct.

223. As a reslut of defendants' conduct, plaintiff has been harmed.

### COUNT 44 (FORTY FOUR)
### BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE
**DEFENDANTS: WALTON, GARCIA, CURREY**

224. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

225. Plaintiff re-asserts the elements, basis and legal theory of count 2 (supra) herein. The instance, conduct and mind-set and heart-set of defendants have all elements of count 2 herein. On the same basis, defendants are liable for their conduct.

226. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENTS 5/28/14, 7/5/14, (NO. 2587894, 2587910, 2601838), HONORABLE MEN FROM THE **"MESSIN WITH MA WIFE"**--CLUB, GATHERING

227. As explained above, the three gentlemen: Lieutenant Brooks, Lieutenant Patterson and J. Bagwell, all three correctional officers in USP Marion, were always angry that their spouses, who were also their colleagues in USP Health services and psychology, were respondents or defendants in the lawsuit (Bakhtiari v. Walton) or the administrative remedies. Each one of these three zealot husbands approached Bakhtiari at various times uttering the "don mess with ma wife!" lecture. On 5/28/14, two of them: Brooks and Patterson, gathered to effectuate a new form of revenge: fabrication and invention of inconceivable disciplinary allegations, that no one in their right mind could conceive or believe.

228. Brooks, Defendant Duncan's husband who went  on for more than a year bikering at Bakhtiari about "messin with his wife!" alleged that he had found contraband items in Bakhtiari's possession. He refused to preserve the video of the incident alleged and refused to produce such video for the hearing. In spite of Bakhtiari's numerous reminders and requests that the accuser, Brooks, preserves the video of the incident, appears at the disciplinary hearing for testimony and tender proper notice and opportunity for such hearings. In cohorots with Currey (DHO Secretary), he effectuated a plan where Bakhtiari would not receive any notice, hearing opportunity and ability to present evidence.  Williams May became a part of such conspiracy by assuring the evidence Bakhtiari had prepared for defense would not make it to the hearing at all.

229. Lieutenant Patterson, who has been for so long angry that Bakhtiari had filed administrative remedies with Washington DC against his wife (Dr. Patterson of Psychology) joined the circus. He alleged that on 5/28/14, in some shape or form,  Bakhtiari had lied to him. About what and why and how? Patterson could not elaborate,  even when asked his spouse-Dr. Patterson, the supposed psychologist, to decipher her husband's undecipherable allegations, noneof the Patterson's could help or at least  specify what the "lie" was about.

230. On or about 7/5/14, in a <u>ring and run</u> childish attempt, on or about  **5 AM**,

Tolson (correctional officer) banged hard on the door of Bakhtiari's cell and awoke Bakhtiari and his roommates and then ran away. This was nothing but a "sleep depravation" torture technique. Another one of AbuGhraib-in' Bakhtiari's ass as these fine officials liked to put it. The next day, before Bakhtiari gets the chance to complain about sleep depravation and mid-night harassment, Tolson  issued a disciplinary allegation against Bakhtiari . Tolson alleged that Bakhtiari had interrupted his count (head-count), As if it was Bakhtiari who woke Tolson up at 5 AM!

231. In sum, by 7/5/14, there were three serious disciplinary allegations against Bakhtiari, all raised in Abu-Ghraibing, abusing and retaliatory attempts by these defendants, or by the members of the "messin with ma wife"-club. No sweat  as far as Bakhtiari was concerned, Glory be to Wolff v. Mcdonnell! Thank God for the Constitution! Or so one would dream...

232. Bakhtiari insisted to May, Walton, Garcia, Patterson, Brooks and Tolson, each individualy in person and via email, that the video footage of the alleged incidents be preserved for the litigation, and for the disciplinary hearings. Bakhtiari also asked to be notified  of the time and place of the disciplinary hearings before hand so he could submit his defense and evidence. None of these were granted to Bakhtiari: notice, hearing by  impartial officer, chance to adduce and present evidence,  reviewing the video footage of the incidents, nor were any other elements of due process discussed in Wolff v. Mcdonnell were given to this Abu-Ghraib inmate! Due Process be damned! Cherry on top, Bakhtiari was not given the chance to appeal the matter either, (see infra, parag. 344).

### COUNT 45 (FORTY FIVE)
### BIVENS-FIFTH AMENDMENT-INMATE DISCIPLINARY HEARINGS-DUE PROCESS
### DEFENDANTS: WALTON, GARCIA, PATTERSON, BROOKS, CURRY, MAY, TOLSON

234. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

235.  Plaintiff re-asserts the elements, legal theory and basis of count 7  (supra) herein. These instances, conduct, mind-set and heart-set of defendants have all elements of count 7 . On the same basis, the defendants are liable for their conduct.

236. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 46 (FORTY SIX)
### BIVENS—FIRST AMENDMENT—ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, PATTERSON, BROOKS, CURRY, MAY**

237. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

238. Plaintiff re-asserts the elements, legal thoery and basis of count 18 (supra) herein. These instances, conduct, heart-set and mind-set of defendants have all elements of count 18. On the same basis, defendants are liable for their conduct.

239. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 47 (FORTY SEVEN)
### BIVENS—FIFTH AMENDMENT—ACCESS TO COURTS
**DEFENDANTS: WALTON,  GARCIA, PATTERSON, BROOKS, CURRY, MAY**

240. Plaintiff re-alleges and reincorporates the above paragraphs herein.

241. Plaintiff re-asserts the elements, legal thoery and basis of count 19 (supra) herein. These  instances, conduct, heart-set and mind-set of defendants have all elements of count 19. On the same basis the defendants are liable for their conduct.

242. As a result of defendants conduct, plaintiff has been harmed.

## COUNT 48 (FORTY EIGHT)
### BIVENS—FIRST AMENDMENT—RETALIATION CLAUSE
**DEFENDANTS: WALTON, GARCIA, PATTERSON, BROOKS, CURRY, MAY**

243. Plaintiff re-alleges  and reincorporates the above paragraphs herein.

244. Plaintiff re-asserts the elements, legal thoery and basis of count 2 (supra) herein. These instances, conduct,  heart-set and mind-set of defendants have all elements of count 2. On the same basis, defendants are liable for their conduct.

245. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENTS: SLEEP DEPRAVATION, FOOD DEPRAVATION, SPITTING CHEW TOBACCO  ON HIS FACE-YES!! ABU-GHRAIB'ED BAKHTIARI'S ASS INDEED!

246. During Bakhtiari's three month torment period in the isolation (described infra), on many occasions officer Lance approached  Bakhtiari's cell and stated that he wanted to Abu-Ghraib Bakhtiari's ass  (see supra for Abu-Ghraib'ing introduction). One would be horrified to see that one of the lowest and most despicable acts of human society in Iraq has now become a catch phrase that defendants use so  proudly.

247. On numerous occasions, just the way Tolson did, Walton and Garcia sent their thugs to bang on Bakhtiari's cell door at the middle of the night, some times more than once, to wake him up at the middle of the night to inflict Abu-Ghraib or Guantanemo style sleep depravation. Bakhtiari emailed Walton and Garcia on numerous occasions, including 7/5,7/6/14 and begged them to stop.

248. On numerous occasions, Lance and other officers would stop Bakhtiari on his way to the dinig hall and delay him so the dinig hall would close, or they would approach Bakhtiari in the dinig hall and order him to leave before eating or finishing his meal. This was done intentionally and in a claculated way to inflict food-depravation. Bakhtiari emailed Walton and Garcia on numerous occasions about  this behavior, but Walton and Garciawanted their own Abu-Ghraib for this "dumb A-rab". They fancied to see their own Guantanemo. They deliberately ignored and Amened  their thugs' behavior.

249. Bakhtiari's faith in Christ is not even beyond grabs in this circus. Bakhtiari is a refugee who was shot and stabbed for his Christian faith. Bakhtiari was known in USP Marion as an inmate who hosts preaching, revivals and bible studies. **Knowing** these facts, Walton and Garcia sent officer Huggins, on or about July 18, 2014 by 8:30 PM to stop Bakhtiari in the hallway and inflict more inhumane torture. In the coldest manner, Huggins stopped Bakhtiari, grabbed his Bible out of his hand and threw it on  the floor. The Bible should be beyond limits one would hope. But not in their eyes, Bakhtiari's daring in free speech should be made an example of. Who the hell this chomo thinks he is to go file suits with the court or report Walton and Bagwells to Washington DC?

250. On or about 3 PM of 8/5/14, Bakhtiari received a package of legal mail in X unit, to his dismay, the legal mai]  package was opened and content was removed from them. Officer in duty advised Bakhtiari to walk the package to the Lieutenant's office and report it. While walking in the hall-way, Somers (Correctional Officer) stopped Bakhtiari and began defending Walton and Garcia. Somers was indignant that his bosses would never steal evidence! Somers did not even have a dog in this fight, he did not even explain why he stopped Bakhtiari in the hall-way to interrogate him  about the litigation.

PETITION PAGE -36-

251. Bakhtiari explained to Somers that he was on his way to Lieutenant's office, in obedience to the unit-officer's order. to report that the legal mail had been opened and tampered with. Somers began screaming, in defense of Walton and Garcia: **"We'd never do such a thang, now get you ass back to your unit!!"** and while screaming so passionately in defense of his boss, a piece of chew tobacco exited his wide-open mouth and hit Bakhtiari in the face. At least if one is to scream in defense of one's boss, it would behoove one to remove the half a pound of chew tobacco out of their mouth, or so one would hope!

252. Bakhtiari emailed Walton, Garcia and Mash of SIS, and asked them to at least investigate the matter and assure that Somers is Hep-C free and disease free. Mash, Garcia and Walton did not respond or even care how inhumane this tormenting behavior was. Mash instead utilized foul language and bullying to deter Bakhtiari from pursuing admin-remedy in this regard. Walton, Garcia and Mash, simply gave their full blessing and green light for their thugs to abuse and torture Bakhtiari and ignored Bakhtiari's plea for protection and investigation of the matter. **Sure!** the camel-fucking A-rab chomo is there at their disposal and they are drunk on unbridled and unaccountable authority, and the courts have apparently sanctioned such conduct. Then why not putting chew tobacco on his face? He is here to be exterminated any way!

253. Bakhtiari needed clean laundried clothing, just the way the rest of inmates had. But two prison issued uniforms were removed by the staff from his possession. Bakhtiari emailed Winn numerous times and met with her and officer Bennett in the laundry. She ignored Bakhtiari's requests for clean clothing. On or about 10/15/14 Bakhtiari, again stopped by Bennett's office in the laundry to request clean clothing. Instead of providing Bakhtiari with clean clothing, Bennett rambled on about safe-sex with camels and Bakhtiari'sexpereince in copulating with camel**s"back in Arabia!!"**As fun as discussing camel sex with these defendants would be, Bakhtiari never received his clean cloth issue from the defendants.

254. On or about 9/27/14, while Bakhtiari was leaving the  dinig hall, he stepped into the rest-room in the dinig hall which was meant for inmates' use. Before Bakhtiari enters the rest-room, officer Steimits came to Bakhtiari and yelled: **"what the fuck ye doin boy!!"**Bakhtiari explained that he was using the bathroom!  Steimits began yelling: **"Tell about your shittin to that fuckin judge!! go back to your unit and take your shit there!!"** Bakhtiari explained that he was with a medical  condition and he might not make it back to the unit. But Steimits continued yelling about <u>fuckin  Judge and shittin back in the unit</u>! Bakhtiari asked him to specify which Judge he was referring? there could be only the sentencing Judge (Hon. Webber of Eastern District of Missouri) or the civil matter Judges of Southern District of Illinois  (Honorables Gilbert,Frazier and Hernden), which one was he  talking about, Bakhtiari asked. But Steimits simply screamed louder and louder  about <u>F-ing Judge and Shit!!</u>

255. On or about early month of October 2014, Bakhtiari was denied breakfast, again by another one of Walton's thugs (correctional Officer Gold). He ordered Bakhtiari to leave the dinig hall and stated: **"stop bitchin boy!!"** Bakhtiari emailed Assistant Warden about this recurring issue and handed paper-based print out to Walton, Garcia and Ms. Rose of food services numerous times. These individuals were hell-bent  on revenge, on punishing protected speech and were simply indifferent, and assuringly condonig toward the thuggery of their staff.

256. All the above: sleep depravation, food depravation, insluting his faith openly and grossly, spitting tobacco unto his face, denying him clean cloth and psychologically tormenting him by camel-sex stories instead, forcing him to wet-himself (attempting to) and other  Abu-Ghraibing conduct,establish implication and gross violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.

### COUNT 49 (FORTY NINE)
### BIVENS - EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT
**DEFENDANTS:  WALTON, GARCIA, WINKLMEIER, M. BAGWELL, LANCE, HUGGINS, SOMERS, MASH, BENNETT, WINN, STEIMITS, ROSE**

257. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

258. Defendants' conduct and afflictions upon Bakhtiari reduced the status of his incarceration to lower than minimal required by a civilized society. Looked upon objectively, for all definitions of this term,  Bakhtiari was dehumanized in the hands of Walton, Garcia and their thugs.

259. These conducts created extreme risks to health, well-being and life and limb of Bakhtiari. Looked upon subjectively or objectively, the way these officials retaliated against Bakhtiari and punished his free-speech was cruel.

260. As a result of the defendants' conduct, plaintiff has been harmed.

### COUNT  50 (FIFTY)
### BIVENS - FIRST AMENDMENT - RETALIATION CLAUSE
DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, LANCE, HUGGINS, SOMERS, MASH, BENNETT, WINN, STEIMITS, ROSE

261. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

262. Plaintiff re-asserts the elements, legal theory and basis of count 2 herein. These instances, conducts, heart-set and mind-set of defendants have all the elements of count 2 (supra). On the same basis, defendants are liable for their conduct.

263. As a result of defendants' conduct, plaintiff has been harmed.

INCIDENT 7/17/2014, SHAMELESS UNABASHED BEHAVIOR BY WALTON-SIMPLY BLOCKING THE OUT-GOING MAIL-MAIL ROBBERY IN BROAD DAYLIGHT!!

264. On or about July of 2014, Bakhtiari wrote a detailed letter about Walton and Garcia's atrocities to Paul M. Laird of the Regional Offices of BOP. Simply, in the most unashamed and brazen fashion, Walton picked  the mail out of the out-going mail and stated he did not want to allow it to leave the institution.  He did so with straight face without blinking or revealing the slightest shame!

265. Bakhtiari emailed Walton, copied Garcia and Rounge on 7/18/2014, and pursued administrative remedy. Walton instructed two of his thugs-counselors, May and Hill to block the BP8 form and do not allow the administrative remedy to be initiated. When the counselors May and Hill do not respond to BP8 filing, then Bakhtiari is not allowed and permitted to move on to BP9 and further steps. This way the administrative remedy, an inmate's **only avenue for relief**, is blocked and killed. Bakhtiari could of course

WRITE to the courts or regional offices of BOP, **but he couldn't,** because Walton, Garcia and Rounge pick and choose which mail  parcels get to  leave the institution!

266. These individuals truly believe that they are above the law, and get to tamper with the mail and violate the Prison Mail Box rule, or rather rape it as they wish.

### COUNT 51 (FIFTY ONE)
### BIVENS — FIRST AMENDMENT — ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, ROUNGE, MAY, HILL**

267. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

268. Plaintiff re-asserts the elements, legal theory  and basis of count 18 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 18.On the same basis defendants are liable for their conduct.

269. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 52 (FIFTY TWO)
### BIVENS — FIFTH AMENDMENT — ACCESS TO COURTS
**DEFENDANTS: WALTON, GARCIA, ROUNGE, MAY, HILL**

270. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

271. Plaintiff re-asserts the elements, legal theory and basis of count 19 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 19. On the same basis defendants are liable for their conduct.

272. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 53 (FIFTY THREE)
### BIVENS — FIRST AMENDMENT —  RETALIATION CLAUSE
**DEFENDANTS:  WALTON, GARCIA, ROUNGE, MAY, HILL**

273. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

274. Plaintiff re-asserts the elements, legal theory and basis of count 2 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 2. On the same basis, defendants are liable for their conduct.

275. As a result of defendants' conduct, plaintiff has been harmed.

<u>INCIDENTS IN JULY/AUGUST OF 2014: ADD MEDICINE DEPRAVATION TO THE LIST!</u>

276. As explained supra, Bakhtiari is a gunshot and stab wound survivor. He suffers from a severe case of PTSD. Withdrawals from lack of medicine are painful and very inhumanely abusive to this inmate. Winklmeier, M. Bagwell and Harbison knew so, and knowing so, they withheld Bakhtiari's medicine from him for at least two months to see him go through withdrawals and sadisticaly enjoy the torture.

277. Late July 2014,Bakhtiari ran out of his medicine (Prozac). His Burspar was taken away by Byram and was not returned since February 2014. To add to the joy, defendants took Bakhtiari's Prozac (withheld refill).

278. Bakhtiari emailed Winklmeier on--------------8/7/2014,8/18/2014, 8/19/14, 8/21/14, 8/22/14, and other dates. But Bakhtiari's Prozac was intentionally withheld from him until mid-september of 2014. In withdrawals, Bakhtiari suffered from severe headache, nausia, vomitting, dizziness, vertigo and lack of sleep for at least two months.

279. This intentional withholding of medicine was sadistic, **calculated,** and inhumane.

280. Bakhtiari delivered the above notices in email and on paper to Walton, Garcia, Winklmeier, M. Bagwell and Harbison numerous times. These indivdúals did not care about  the pain and anguish they placed Bakhtiari under, they simply inflicted pain, used profanities and enjoyed the sick view.

## COUNT 54 (FIFTY FOUR)
### BIVENS — EIGHTH AMENDMENT — DELIBERATE INDIFFERENCE
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL,  HARBISON**

282. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

283. Plaintiff re-asserts the elements, legal theory and basis of count 1 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count  1. On the same basis defendants are liable for their conduct.

284. As a result of defendants' conduct, plaintiff has been harmed.

## COUNT 55 (FIFTY FIVE)
### BIVENS — EIGHTH AMENDMENT — CRUEL AND UNUSUAL PUNISHMENT
**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M.  BAGWELL, HARBISON**

285. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

286. Plaintif re-asserts the elements, legal theory and basis of count 49 (supra) herein. This instance, heart-set and mind-set of defendants has all the elements of count 49. On the same basis, defendants are liable for their conduct.

287. As a result of defendants' conduct, plaintiff has been harmed.

**COUNT 56 (FIFTY SIX)**
**BIVENS - FIRST AMENDMENT - RETALIATION CLAUSE**

**DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON**

288. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

289. Plaintiff re-asserts the elements, legal theory and basis of count 2 (supra) herein. This instance, conduct, heart-set and mind-set of defendants have all elements of count 2. On the same basis defendants are liable for their conduct.

290. As a result of defendants' conduct, plaintiff has been harmed.

<u>INCIDENTS ON OR BEFORE 8/18/2014, **"DON MESS WITH MA WIFE" CLUB AGAIN!!!**</u>

291. Bakhtiari served as a GED math/scinece teacher in custody in Marion USP. This left only 3 hours per day for library use for Bakhtiari for the purposes of his habeas corpus, or this litigation and these claims and those of Bakhtiari v. Walton-13-CV-906. But the defendants did all in their power, including use of library closures or frivolous appointments to withhold Bakhtiari from the law library.

292. Walton utilized Pattersons (husband and wife) and Dye of psychology to place Bakhtiari on at least 10 (ten) frivolous appointments to keep Bakhtiari from his library hours.

293. Bakhtiari is a white-collar offender (18 USC 1512(c)(2), Obstruction of Justice). Bakhtiari, as observed by his criminal court, has never had any drug use expereince, Bakhtiari ddd **not even** smoke **a single** cigarrette in his life. But Paterson (Dr.- the wife) placed Bakhtiari on appointments for "Drug counseling" at least 10 times. Bakhtiari would appear and Dye (psychology staff) would smile and say ooops! and Bakhtiari would miss about 2 hours of library access in this midst. This was haraseement: one time, two or three times are explainable. But 10 times are retaliatory harassements.

PETITION PAGE  -42-

294. Bakhtiari emailed Dr. Paterson, handed paper-based to her husband (Paterson) and Walton and Garcia and Dye.  None, explained any valid cause for this childish and obstructive conduct, which was a  claculated act to withhold Bakhtiari from library access. Except, the historical line, the club's motto, as Paterson eloquently enunciated: **"son! don'fucking mess with ma wife!!"** This was not Bakhtiari's fault that by the mere stroke of geography, he was being targeted by a group of thugs who had intermarried (three pairs of them). Bakhtiari was not a <u>wife-messer</u>. He was simply pursuing his rights under the due process.

### COUNT  57 (FIFTY SEVEN)
**BIVENS- FIRST AMENDMENT- RETALIATION CLAUSE**
**DEFENDANTS: WALTON, GARCIA, PATERSON, PATERSON, DYE**

295. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

296. Plaintiff re-asserts the elements, legal basis and theory of count 2 (supra) herein. This instance, mind-set, heart-set and conduct of defendants have all elements of count 2. On  the same basis, defendants are liable for their conduct.

297. As a result of defendants' conduct, plaintiff has been harmed.

<u>INCIDENTS IN SEPTEMBER 2014: EXPOSURE TO VARICELLA HERPES ZOSTER</u>

298. In the extension of the bloved "choom extermination program" a man with active Varicella Herpes Zoster was placed Bakhtiari's cell (Jerry Lee Howard). Howard had Varicella wounds, active, with masses of pus constantly exiting his wounds.

299. On or about 9/11/14 (7 pm) USP Marion was placed in a lockdown due to a riot. Bakhtiari and two other inmates, including Howard with his active wounds, were locked in a cell, no larger than 10 feet by 5 feet.  Howard was in severe pain, and pus was covering the floor and the sheets.

300. From lockdown, Bakhtiari wrote  four written requests to Walton, Garcia, Winklmeier M. Bagwell and Harbison, begging  them to intervene and not only isolate the pus and exposure, but to help the dying man. Bakhtiari handed out four (4) sick-call requests from behind the lock-down (9/11, 9/12, 9/13 and 9/14 of 2014). Defendants, of course ignored all. The purpose of chomo-extermination is to exterminate not to assist these chomo's!!

301. In addition to the sick-call slips, Bakhtiari emailed Winklmeier, Walton, Garcia
M. Bagwell and Harbison (the latter ones served by print-out copies) on or about 9/2,
9/10 and 9/15 of 2014.

## COUNT 58 (FIFTY EIGHT)



BIVENS – EIGHT AMENDMENT– DELIBERATE INDIFFERENCE
DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON

302. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

303. Plaintiff re-asserts the elements, legal basis and theory of count 1 (supra)
herein. This instance, conduct, mind-set and heart-set of defendants has all the elements
of count 1. On the same basis, defendants are  liable for their conduct.

304. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 59 (FIFTY NINE)
BIVENS – EIGHTH AMENDMENT– CRUEL AND UNUSUAL PUNISHMENT CLAUSE
DEFENDANTS: WALTON, GARCIA, WINLMEIER, M. BAGWELL, HARBISON

305. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

306. Plaintiff re-asserts the elements, legal basis and theory of count 49 (supra)
herein. This instance, mind-set, heart-set and conduct of defendants has all the
elements of count 49. On the same basis, defendants are liable for their conduct.

307. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 60 (SIXTY)
BIVENS – FIRST AMENDMENT – RETALIATION  CLAUSE
DEFENDANTS: WALTON, GARCIA, WINKLMEIER, M. BAGWELL, HARBISON

308. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

309. Plaintiff re-asserts the elements, legal theory and  basis of count 2 (supra)

BAKHTIARI and together they timelined the events occuring in the interactions he was having with the Officials in USP Marion and the manner in which Turnage believed he was being exterminated in the hands of Winklmeier, M. Bagwell and Harbison. Specifically Turnage recorded with Bakhtiari the following events:

– During a medical visit to an outside hospital in Marion, the officers in the ride did not seat-belt him and he was tossed around in his wheel-chair in the van and was ridiculed and was used as the laughter monkey for these officers.

– During a medical visit to Barnes Jewish Hospital in St. Louis, during the trip to St. Louis, within the Hospital and back to Marion, Turnage was intentionally drop on the ground and then laughed at.

– During his medical trips to outside hospitals the officers had repeatedly referred to his as a "fucking chomo""not deserving the tax-payers' money and time".

– Turnage executed a "Declaration of Facts". Turnage dicated, Bakhtiari typed.

313. Bakhtiari took the notes, Declaration and Statements of Turnage to Mash and asked SIS special permission to mail those items to Turnage's estate.Mash utilized bullying, threats and foul language to deter Bakhtiari from sending anything to Turnage's estate. Bakhtiari wrote a memorandum to Walton and specifically asked for such permission **(SEE EXHIBIT 5 EMPHASIS ADDED).** Bakhtiari delivered print-outs to Walton and Garcia.

314. In November of 2014, on or before November 13, 2014, Bakhtiari emailed M. Bagwell and asked for preservation of evidence, and for Robert Turnage's medical records for litigation purposes. M. Bagwell, on or about November 13, 2014, stopped Bakhtiari
utilized foul language and bullying to deter Bakhtiari of even speaking about Turnage and his death. M. Bagwell specifically stated, **"keep your fucking nose out of it!!"** Bakhtiari was simply requesting for the record to be preserved, completed and sent to Turnage's estate.

315. As of this writing, the officials in USP Marion are still in possession of the bulk and lion's share of Bakhtiari's notes/records and print-outs. The day Turnage died was in late 2014, between August and end of October 2014 (as of this writing Bakhtiari does not recall the exact date).

316. The night before Turnage died he asked Bakhtiari into his cell and together they prayed and talked for a while. Turnage for the several'th time confided in Bakhtiari that he believed he was simply being **tormented, abused and exterminated** in the hands of the officials in USP Marion, particularly Walton, Garcia, Winklmeier, M. Bagwell, Harbison and May. Turnage took the promise from Bakhtiari that Bakhtiari would not relent until Turnage's estate (family) would receive the record pertaining to the treatement he received in USP Marion. Bakhtiari made the committement.

317. In the morning,Bakhtiari checked in with Turnage and went to work at education department. When Bakhtiari returned for his lunch break, Turnage was resting in his bed. Later that day, when Bakhtiari returned from work at 3 PM, he was informed that Turnage had died in his bed and was being removed. Bakhtiari requested to see and inspect the legal files inside Turnage's locker to honor Turnage's request. This request was denied.

318. The next day Bakhtiari wrote to the above defendants, re-asserting the same request: preserving and releasing Turnage's records and declaration of facts, executed under the caption of Bakhtiari v. Walton 13-CV-906. Defendants did not respond. When Bakhtiari approached M. Bagwell and Garcia about the issue, both utilized foul language and bullying to deter Bakhtiari from pursuing the slaying of the innocent defensless chomo! aka the humane being-Robert Turnage, Bakhtiari's friend and Christian brother through the years of custody in Marion. M. Bagwell's advise, again: **"keep your fucking nose out of it!!"**

319. When they saw that Bakhtiari is relentless, Walton, M. Bagwell, Garcia and Harbison and the rest of the gang came with the plan to ship Bakhtiari (retaliatory transfer)and rid of him.

320. Bakhtiari had severe chest pain for those days in early November of 2014. He approached the new clinical director-Dr. Pass and obtained and appointment. His appointment was on November 13, 2014 (1 PM). Bakhtiari showed on time. Harbison approached Bakhtiari and stated that his appointment has been cancelled. Bakhtiari was sent back to his unit. The chest pain got worse, Bakhtiari talked to officer Mathis (the unit officer). Mathis suggested that on the next controlled movement (2 PM) Bakhtiari reports to Pass again.

321. On or about 2 PM, when Bakhtiari appeared at Health Services, the dashing memeber of "don mess with ma wife"-club, Lieutenant Brooks was there waiting. Brooks ordered Bakhtiari to follow him to the shift Lieutenant's office. In the hall-way, Brooks sang the slogan of the club again, and directed to Bakhtiari stated: **"son!! you got some nerves comin heir n messin with ma wife!!"** Bakhtiari responded that a paitient in severe chest pain goes to the doctor, as Bakhtiari did. Reporting his wife (Duncan) and her colleagues to the court or outside agencies do not establish "messin with his wife" but are a part of First Amendment provisions.

322. Bakhtiari sat outside the  Lieutenant's office, then Brooks informed him that he was for **"undisclosable-Internal Affairs"** reasons being placed in solitary.

**DE JA VU, OH SO PAINFUL DE JA VU!!**

BAKHTIARI IS PLACED IN ISOLATION AND TORMENTED IN MOST    INHUMANE WAYS FOR ANOTHER THREE MONTHS

323. In the second round of their sick fun, defendants did not hold anything back, and for three months they exposed Bakhtiari to some of the sickest torments available in the 21st century, in our humane society.

324. Through-out this three months, Bakhtiari was given cold food, in trays with no lid with food within them which was obviously tampered with and contaminated.

325. M. Bagwell and Harbison from the Health services made their regular rounds in the isolation section, and ignored Bakhtiari's requests for help, instead their gave him the middle finger, just like the previous year, and walked away.

326. On more than two occasions, Lance came to Bakhtiari's cell and described how he wished to have his own Abu Ghraib prison**"heir in Southern Illinois"** and wished to see the same **"A-rab fuckin "** all over again, just as was done in Abu-Ghraib or **"Gitmo!"**

327. May came to Bakhtiari's cell in isolation numerous times, not to help but to enjoy the view of their personal coliseum. May even spoke his knowledge, or allegation of personal knowledge: the inmate abuse in Marion USP is some-what unofficially sanctioned by the jurists of Southern Illinois District Court. May stated (alleged) as follows:

PETITION -PAGE-47-

"what the fuck ye thank ye gone get up there in court? them old boys come down heir 'n eat lunch with us!!" May went on to describe a periodic luncheon which occurs in USP Marion, in which, as he alleged,Judges (he named Frazier, Gilbert and Hernden - The Honorables) participate and lunch with USP Marion officials.

328. Bakhtiari has no knowledge if this is true or is a figment of this poor demented man's imagination. But May always enjoyed ranting of the powers of the American Correctional Association ("ACA") and the supremacy of the union which these correctional officers belonged to. May mentioned the luncheon with the federal "judges" on more than occasion. This Honorable Court should not tolerate court-sanctioned-torture, not even the appearance of such.

329. All three honorary memebers of the "messin with ma wife"-club, gentlement J. Bagwell, Brooks and Paterson,stopped by the cell   to inform Bakhtiari that his torment behind the bars of isolation was a result of his "messin with their wives".

330. In isolation bakhtiari's hair and beard grew to be excessively long and was contam⁻ inated by lice. Lack of shower for three months did not help. Hair would enter food or anything he would drink. Bakhtiari wrote about 20 requests in writing and made verbal requests daily. Walton's thugs, such as Lance, May, Brooks, Paterson, Garcia heard these requests but laughed, they responded "we won you to keep lookin like Osama!!" A few days before being shipped out of Marion USP, on or about February 18, 2015, Bakhtiari was given a hair-beard-trim and a shower.

331. Any inmate's only avenue for relief is administrative remedy. This minimizes the incidents of cursing and verbal exchanges, which in USP Marion is preferred to be seasoned by F-bombs and racial slurs. Bakhtiari **always** wrote his requests to these fine officials to avoid cursing and abuse. If request is denied the next step is BP8, granted the form is provided, then BP9, then BP10 and BP11 eventually. Bakhtiari wrote requests to staff **daily from** isolation. He did not have access to a copier or email to preserve copies of these requests. Bakhtiari wrote at least 10 instances of BP8 from isolation and handed them to May. May promised to bring back copies for Bakhtiari's record.

PETITION PAGE-48-

Bakhtiari **still waits** for his copies or responses for the BP8's he filed in isolation.
On the day he was shipped from USP Marion (February 19, 2015) Bakhtiari was walked to
the bus in early morning hours. While Bakhtiari was walking to the bus, May came
to work and passed the bus. Bakhtiari addressed him and inquired if he is ever going
to get his copies. May laughed and said: **"Son!! I'll find ya and mail over your fuckin
copies, keep waitin!!"** Through out his stay in Marion USP (January 2013 to February
2015) this is the respect and value these defendants showed to, not a person, but
at least to an on-going litigation or the spirit of Admisitrative Procedure Act,
which is the tenet of many of the BOP program statements.

TWO PERIODS OF HUNGER STRIKE IN JANUARY AND FEBRUARY OF 2015

332. Like any sound person, Bakhtiari is in charge of his own will, soul and body.
But any person, when exposed to inhumane psychological and physical abuse, or as Lance
liked to call it "Abu Ghraib'ed", will break or be cornered to take odd measures.
Walton, Garcia, M. Bagwell, Harbison, May and the rest of these children of anarchy
simply **caused** Bakhtiari to take the extreme measure and go on a more than 48 hours
hunger strike. Bakhtiari's request was simply cease and dessist of the torments and
release from isolation, which was uncalled for. Bakhtiari simply wanted his Burspar
back and a visit and care from a doctor. He wanted a hair-cut, a shower, a whiff of
fresh air. Bakhtiari begged not to be Abu-Ghraib'ed, for one day. Hunger strike was
the only weapon in Bakhtiari's disposal. Other than the "Administrative Remedy" which
was futile, even outside isolation.

333. While Bakhtiari was on hunger strike, Garcia brought a video camera and video-taped
Bakhtiari's statement for his reason of being on hunger strike. Wouldn't simply answering
his requests be easier? The purpose was watching those videos with the rest of the gang,
maybe with some pop-corn and beer and enjoying the view. Garcia certainly was not in
the business of caring or healing or remedy.

334. By mid-January, Lieutenant Doe came and promised to work on ceasing the torments,
getting a shower and shave for Bakhtiari and possibly transferring him out of

isolation. Based on that promise, Bakhtiari stopped his hunger strike on day three. After he was moved from the hunger-strike cell, to a regular isolation cell, Officer Sample approached Bakhtiari's isolation cell and stated: **"Hunger strike for nine (9) meals son??!! that's bitchin out ain it?!"** Hunger strike was a sport for Walton, Garcia and their staff. They simply bet and sport on Hunger strike lasting by a certain inmate.

335. Lieutenant John Doe did not come through with his promises. Early February of 2015, Bakhtiari went on a second round of Hunger strike for another three days period. And again, came the betting, sporting and indifference of the staff. But to keep the trophy, they did video tape the Hunger Strike, its reasons and Bakhtiari's statement, two times.

336. On or about February 18th 2015, Bochelle and Rounge came to Bakhtiari's isolation cell and informed him that he was being transferred to Oklahoma City Transfer Center. Bakhtiari insisted that these individuals pack and preserve all his legal files, mainly the litigation sensitive material, specifically those relevant to Robert Turnage, his declarations of facts and his notes, those which where in Bakhtiari's possession. Bochelle. Rounge, Garcia, Walton, M. Bagwell and J.Bagwell assured that those records were the ones not making it out of USP Marion.  They did not make it to Bakhtiari's transfer to USP Leavenworth. Those records and evidence content were spoliated and stolen.

337. Bakhtiari left USP Marion  on or about February 19th 2015 (8 AM). He was in Oklahoma Transfer Center for about a month. On or about March 11th 2015, Bakhtiari arrived in USP Leavenworth. On March 12th 2015, Bakhtiari wrote a certified mail to Walton, and asked him to preserve any/all electronic and paper-based evidence pertainig to Bakhtiari v. Walton, Robert Turnage's death and Bakhtiari's retaliation claims.

**COUNT 61 (SIXTY ONE)**
**BIVENS – FIRST AMENDMENT – RETALIATION CLAUSE**

DEFENDANTS: M. BAGWELL, HARBISON, BROOKS, LANCE, J. BAGWELL, WALTON, GARCIA, MAY, PATERSON

PETITION PAGE-50-

333. Plaintiff re-alleges and re-incorporates the above paragraphs herein.

339. Plaintiff re-asserts the elements, legal theory and basis of count 2 (supra) herein. These instances, conduct, mind-set and heart-set of defendants have all the elements of count 2. On the same basis, defendants are liable for their conduct.

340. As a result of defendants' conduct, plaintiff has been harmed.

### COUNT 62 (SIXTY TWO)
### BIVENS – EIGHTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT CLAUSE
### DEFENDANTS: M. BAGWELL, J. BAGWELL, HARBISON, BROOKS, LANCE, WALTON, GARCIA, MAY PATERSON

341. Plaintiff re-alleges and re-asserts the above paragraphs herein.

342. Plaintiff re-asserts the elements, legal theory and basis of count 49 (supra) here in. These instances, conduct, mind-set and heart-set of defendants have all the elements of count 49. On the same basis, defendants are liable for their conduct.

343. As a result of defendants' conduct, plaintiff has been harmed.

FURTHER NOTES: DISCIPLINARY ALLEGATIONS MADE BY BROOKS, TOLSON AND PATERSON (SUPRA)

344. As mentioned above, Brooks, Paterson and Tolson made three disciplinary allegations which defy all logic and possibilities and was motivated by nothing but retaliation and hostile animus. When Bakhtiari requested for a disciplinary hearing report to appeal these Kangaroo Court results, the report was delayed until November 11, 2014, which was still not released to Bakhtiari completely. On November 13, 2014 Bakhtiari was taken to isolation and was the last moment he was on the premises of USP Marion. His legal file was completely taken away from him and May completely ignored Bakhtiari's requests to release a portion of his legal files to him, so he could appeal the above three incident reports.

345. As mentioned above, Bakhtiari repeatedly filed requests to staff and BP8's from isolation, and asked May to address the BP8's, and provide copies of these requests and BP8's to Bakhtiari for records and future litigation purposes. May ignored all, and he even ridiculed Bakhtiari and utilized profanities in the last day (February 19th 2015), when Bakhtiari reminded him of the copies he owed. May, knowingly and

intentionally interfered with due process, hindered it and corrupted it, when he did away with Bakhtiari's legal files, copies, and his right to appeal the fabricated incident allegations by Brooks, Paterson and Tolson.

## COUNT 63 (SIXTY THREE)
### BIVENS – FIRST AMENDMENT – ACCESS TO COURTS
**DEFENDANT: MAY**

346. Plaintiff re-alleges and re-incoporates the above paragraphs herein.

347. Plaintiff re-asserts the elements, legal theory and basis of count 18 here in (supra). **These instances, conduct, mind-set and heart-set of defendant** have all elements of count 18. On the same basis, he is liable for his conduct.

348. As a result of May's conduct, plaintiff has been harmed.

## COUNT 64 (SIXTY FOUR)
### BIVENS – FIFTH AMENDMENT – ACCESS TO COURTS
**DEFENDANT: MAY**

349. Plaintiff re-alleges and re-incoporates the above paragraphs herein.

350. Plaintiff re-asserts the elements, legal theory and basis of count 19 (supra) herein. These instances, conduct, mind-set and heart-set of defendant May have all elements of count 19. On the same basis, May is liable for his conduct.

351. **As a** result of May's conduct, plaintiff has been harmed.

ANOTHER ONE-MAN-BAND INSTANCE. AND TWO MORE. WITH NO CHANCE TO DEFEND OR APPEAL.

352. The defendants were relentless in their attacks and fabrications of disciplinary allegations against Bakhtiari. It is **quite incredible**, that in their eyes, Bakhtiari was a perfect obedient inmate  from January 2013 until September of 2013. But as soon as Bakhtiari filed his law suit with this court in August of 2013, then **suddenly** an avalanche of "disciplinary allegation"  began against this inmate plaintiff. This timing of events speaks volumes.

353. Disciplinary Allegation No.: 2650504: On the day when Bakhtiari had severe chest pain, and by Pass's instructions and by an appointment, he appeared at the Health Servies, Harbison alleged that Bakhtiari **was not supposed to be there**, and issued a disciplinary allegation for being in unauthorized area. An inmate with chest pain, and