**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALIREZA BAKHTIARI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:15-cv-00922-SMY** |
| | ) | |
| **M. BAGWELL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On August 19, 2015, Plaintiff Alireza Bakhtiari filed an eighty-two page complaint against a number of federal prison officials and staff concerning his incarceration at the United States Penitentiary at Marion, Illinois. (Doc. 2.) Bakhtiari's complaint focuses on a lack of medical treatment, retaliation seemingly linked to one of Bakhtiari's lawsuits, and a denial of due process related to prison discipline. (*See id.* at 4-8.)

Before a prisoner's complaint can be served on the defendants named in his suit and the case can proceed, 28 U.S.C. § 1915A requires district courts to review a prisoner's complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune." Here, Bakhtiari's complaint violates Federal Rule of Civil Procedure 8, such that a § 1915A review of it is unworkable.

Rule 8 compels litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement of brevity fosters two goals: it allows trial courts to speed a case to resolution and it allows a defendant to capably respond to the allegations in the complaint. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.

2003).  While a minor amount of surplus material in a complaint is not enough to frustrate these goals and violate Rule 8, unnecessary length coupled with repetitiveness, needless complexity, immaterial allegations, and shotgun-style pleading can push a complaint past Rule 8's breaking point – in other words, it can make a "complaint unintelligible" by "scattering and concealing in a morass of irrelevancies the few allegations that matter."  *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013).  When faced with that type of pleading, a district judge has "a right to dismiss" the complaint and require the litigant to try again.  *See id*. ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention.").

Bakhtiari's complaint contains the kind of confusing cross-references and shotgun-style allegations that violate Rule 8.  Bakhtiari seeks to raise some eighty claims in this case, and in doing so will necessarily put forth a lengthy complaint.  However, for each of his eighty claims, he incorporates all of the paragraphs set forth previously in the complaint, making all of his claims overlap with each other.  This is classic shotgun-style pleading which makes a review of the complaint pursuant to § 1915A impossible.  *See*, *e.g*., *Harrison v. Bd. of Regents of Univ. Sys. of Georgia*, 519 F. App'x 641, 643 (11th Cir. 2013) (eighty-two page complaint that took a "shotgun" approach to asserting claims violated Rule 8); *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (seventy-five page prisoner complaint containing 246 paragraphs with "unrelated or overlapping" claims violated Rule 8).

Additionally, for most of Bakhtiari's claims, he includes generic, conclusory allegations or uses repeat cross-references to the allegations put forth for earlier claims.  The cross-references render his complaint confusing and difficult to follow.  *See Garst*, 328 F.3d 374, 378 (7th Cir. 2003) (complaint that was "disorganized" and "laden with cross-references" violated

Rule 8); *see also North Carolina v. McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004) (complaint that forced "the reader to cross-reference the factual background section and wade indeterminately through the morass of superfluous detail" violated Rule 8).

Finally, Bakhtiari's compliant includes a great deal of surplus rhetoric – for example, he says that the defendants "gin[ned] up" an affirmative defense, that one of the defendants was "corruptly minded" and an "evil genius," that one group of defendants acted in such a unilateral fashion as to constitute "judge and executioner all in one," and that the defendants "viciously raped" Bakhtiari's due process rights such that the prison constituted a "Kangaroo Court by Captain Kangaroo indeed!"  While this surplus material alone would not violate Rule 8, the inclusion of it here – coupled with the complaint's length and needless complexity – adds to the Rule 8 problem.  In all, Bakhtiari's complaint leaves this Court with the task of "read[ing] and decipher[ing] [a] tome[] disguised [as a] pleading[]," a task that district courts "should not have" to do.  *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006); *see also Garst*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

For the foregoing reasons, Bakhtiari's complaint must be dismissed and he must file an amended complaint that complies with Rule 8.  The amended complaint should not include shotgun-style incorporation of all allegations previously set forth in the complaint, nor should it include repetitive cross-references to previously pled material.  If Bakhtiari chooses to file a complaint that separates his claims into discrete counts, each count should include the allegations relevant to that count.  In addition, given the number of claims Bakhtiari seeks to raise in this case, he should take care to screen out unnecessary allegations and rhetoric from his complaint.

As Bakhtiari drafts his amended complaint, he should also be mindful of Federal Rule of Civil Procedure 20.  Rule 20 allows a plaintiff to join as many defendants as he wants in one action so long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences" *and* "any question of law or fact common to all defendant will arise in the action."  FED. R. CIV. P. 20(a)(2).  What a prisoner cannot do under Rule 20 is join unrelated claims against separate groups of defendants in one suit — a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).  This barrier against multi-defendant, multi-claim suits avoids the procedural "morass" that comes with these types of cases, and also ensures that prisoners pay necessary filing fees and incur strikes as envisioned by the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Bakhtiari brings claims linked to his medical conditions, retaliation, and the disciplinary process at the prison.  To the extent some of Bakhtiari's claims are directed at discrete groups of defendants, he should restrict his amended complaint to claims against one group of defendants, and raise unrelated claims against other groups in another suit.  If he violates Rule 20 in his amended complaint, defendants may be dismissed as misjoined or claims may be severed *sua sponte*.

One closing note is in order.  Bakhtiari has asked for leave to file a complaint exceeding the page limit.  (Doc. 1.)  Bakhtiari may be concerned about Local Rule 7.1, which restricts the page limit for the filing of briefs in support.  However, a complaint is not a motion, and the Federal Rules of Civil Procedure do not impose a hard page limit on complaints.  Rather, a plaintiff is required to file a complaint that is relatively short and plain when considered against

"the number of claims" sought to be raised and "their character." *Kadamovas*, 706 F.3d at 844. Because there is no hard and fast page limit for complaints – and because most of Bakhtiari's Rule 8 problems relate to shotgun-style pleading, cross-references, and irrelevant material – Bakhtiari's motion is denied. Nevertheless, in preparing his amended complaint, Bakhtiari should do his best to keep his complaint to the minimum size necessary to make out his case.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 2) is **DISMISSED without prejudice** for failure to abide by Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff is **DIRECTED** to submit his First Amended Complaint within 35 days of the entry of this order (on or before **November 2, 2015**). He should label the form First Amended Complaint, and he should use the case number for this action. For each of Plaintiff's counts, Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved. Plaintiff should avoid cross-references to other claims and incorporation of all previous allegations by reference, and given the number of claims he wishes to raise, he should make every effort to screen out irrelevant material.

An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with

prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Petition Brief Exceeding Page Limit (Doc. 1) is **DENIED**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 28, 2015**

<u>**s/ STACI M. YANDLE**</u>
**STACI M. YANDLE**
**United States District Judge**