IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALIREZA BAKHTIARI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:15-cv-00922-SMY |
| | ) |
| M. BAGWELL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

On August 19, 2015, Plaintiff Alireza Bakhtiari filed an eighty-two page complaint against a number of federal prison officials and staff concerning his incarceration at the United States Penitentiary at Marion, Illinois. (Doc. 2.) Bakhtiari's complaint alleged a lack of medical treatment, retaliation linked to one of Bakhtiari's lawsuits and a denial of due process related to prison discipline. (*See id.* at 4-8.) On September 28, 2015, the Court dismissed Bakhtiari's complaint without prejudice for violating Federal Rule of Civil Procedure 8 and granted him leave to file an amended complaint. (Doc. 10.) The complaint suffered from confusing cross-references and shotgun-style allegations, generic, conclusory statements, and surplus rhetoric that rendered it needlessly convoluted and difficult for the undersigned to parse and understand. (*Id.*)

Bakhtiari timely filed his first amended complaint on October 26, 2015. (Doc. 12.) The eighty-six page complaint focused on the same issues of lack of medical treatment, retaliation, and unconstitutional disciplinary action. (*See id.* at 4.) It too contained conclusory language and surplus rhetoric that, combined with its length and intricacy, rendered this Court's task in identifying cognizable claims extremely difficult. (Doc. 15.) The Court, however, determined

that Bakhtiari possibly suffered constitutional injury but that he would only be able to sufficiently allege such injury before this Court were he aided by "the guiding hand of counsel." *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). Accordingly, the undersigned appointed attorney Rebecca L. Reinhardt of Sharp-Hundley, P.C., to aid Bakhtiari during the threshold period of his case.

Before this Court is Ms. Reinhardt's motion to withdraw her representation of Bakhtiari. (Doc. 17). The Court notes that most of Ms. Reinhardt's reasons for withdrawing during this initial screening period are not persuasive. She asserts her lack of familiarity with the legal issues presented in this case, informing the Court that her practice is exclusively limited to family law and probate matters. She further asserts that, with the exception of a few bankruptcy cases, she has not handled any federal court cases since August 13, 2012. However, Ms. Reinhardt also advises that she does not intend to renew her membership to this Court's Bar by the upcoming deadline. Because Ms. Reinhardt wishes to be removed from the rolls of the Southern District of Illinois, the Court grants her motion to withdraw from representing Baktriari. The Court will therefore, pursuant to its discretion under 28 U.S.C. § 1915(e)(1), appoint another lawyer to help Bakhtiari during the threshold stage of his case.

## DISPOSITION

**IT IS HEREBY ORDEREED** that Rebecca L. Reinhardt's Motion for Relief From Assignment as Plaintiff's attorney (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that attorney **ERIC A. TODD** of Ogletree Deakins Nash Smoak & Stewart PC, St. Louis, Missouri, is **ASSIGNED** to represent Plaintiff Alireza Bakhtiari in this civil rights case in this District Court.  On or before February 12, 2016, assigned counsel shall enter his/her appearance in this case. Attorney Todd is free to share responsibilities with an

associate who is also admitted to practice in this district court. Assigned counsel, however, shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 7, 11, 13, 17, and 21 to attorney Todd. The electronic case file is available through the CM-ECF system.

Plaintiff is **ADVISED** that the Court will not accept any filings from him individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that, on or before March 31, 2016, Plaintiff, by and through counsel, shall file a second amended complaint and any further proposed complaints the Plaintiff may or may not wish to file. The complaints will then undergo preliminary review.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court, his assigned counsel, and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 28, 2016**

s/ STACI M. YANDLE
**Honorable Staci M. Yandle**
**United States District Court**
